UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD MOONEY,

Plaintiff,

v.

ROLLER BEARING COMPANY OF AMERICA INC,

Defendant.

CASE NO. C20-1030 MJP

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL AND ISSUE NEW CASE DEADLINES

This matter comes before the Court on the Parties' Stipulated Motion to Continue the Trial Date and Issue New Case Deadlines. (Dkt. No. 14.) Having reviewed the Motion and the relevant portions of the record, the Court GRANTS the Motion and relief requested. The Court finds good cause to extend the trial date and case deadlines given what appears to be a "company-wide IT issue with [Defendant's] data servers" that is impacting discovery and requires multiple IT specialists to resolve. (See id. at 1-2.) While the Parties ask for a 90-day continuance of all case deadlines and the trial date, the Court cannot accommodate a trial in

February 2022. The earliest available trial date is May 16th, 2022. The Court therefore sets the following new case deadlines:

| Event | Date |
|---|---|
| Jury Trial Date | May 16, 2022 at 9:00 AM |
| Reports from expert witness under FRCP 26(a)(2) due | October 18, 2021 |
| All motions related to discovery must be filed by and noted on the motion calendar on the third Friday thereafter (see CR7(d)) | November 17, 2021 |
| Discovery completed by | December 17, 2021 |
| All dispositive motions must be filed by and noted on the motion calendar on the fourth Friday thereafter (see CR7(d))<br><br>**Counsel are reminded of the requirement to provide courtesy copies of any motions with exhibits or other attachments exceeding 50 pages. Compliance with this requirement will facilitate timely consideration of your motion.** | January 18, 2022 |
| All motions in limine must be filed by and noted on the motion calendar no earlier than the third Friday thereafter and no later than the Friday before the pretrial conference. | April 11, 2022 |
| Agreed pretrial order due | May 3, 2022 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions: | May 3, 2022 |
| Pretrial conference | May 6, 2022 at 1:30 PM |
| Length of Jury Trial | 10 days |

If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm

dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause.

If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify the Deputy Clerk, Grant Cogswell, in writing within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

**COOPERATION**

As required by CR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are further directed to cooperate in preparing the final pretrial order in the format required by CR 16.1, except as ordered below.

**EXHIBITS**

The original and one copy of the trial exhibits are to be delivered to chambers four days before the trial date. Each exhibit shall be clearly marked. Exhibit tags are available in the Clerk's Office. The Court hereby alters the CR 16.1 procedure for numbering exhibits: plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with the next number series not used by plaintiff.

Duplicate documents shall not be listed twice: once a party has identified an exhibit in the pretrial order, any party may use it. Each set of exhibits shall be submitted in individual file folders with appropriately numbered tabs.

**SETTLEMENT**

Should this case settle, counsel shall notify Grant Cogswell as soon as possible at (206) 370−8518. Pursuant to GR 3(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 1, 2021.

Marsha J. Pechman
United States Senior District Judge