UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD MOONEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROLLER BEARING COMPANY OF AMERICA INC,<br><br>　　　　Defendant. | CASE NO. C20-1030 MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff's Motion for a Protective Order and/or Order Quashing Defendant's Proposed Non-Party Subpoena. (Dkt. No. 16.) Having reviewed the Motion, Defendant's Opposition (Dkt. No. 20), the Reply (Dkt. No. 22), and all supporting materials, the Court GRANTS in part and DENIES in part the Motion.

**BACKGROUND**

Plaintiff Richard Mooney has filed suit against his former employer, Roller Bearing Co. of America, alleging wrongfully termination on account of his disabilities—depression and vertigo. He asserts claims for disability discrimination, denial of paid family and medical leave

owed under state and federal law, and wrongful withholding of wages. At issue in the present motion is a subpoena that Roller Bearing served on Mooney's former employer, Renold Inc., to obtain Mooney's "complete employment file and all personnel records" from 2006 to 2018. Mooney asserts that this request seeks irrelevant materials that is both disproportionate to the needs of the case and an unnecessary intrusion into his privacy. Mooney requests a protective order or an order quashing the subpoena.

**A.    Mooney's Employment at Roller Bearing and Termination**

Mooney began work for Roller Bearing in March 2018 as a "sales engineer." Mooney avers that shortly after he began with Roller Bearing, his sales territory doubled, and he had significant difficulty keeping up with his workload. (Declaration of Richard Mooney ¶¶ 5-8 (Dkt. No. 18).) In January 2020, he saw his doctor on account of his stress, sleeplessness, and depression. (Complaint ¶¶ 5, 8-9.) His doctor appears to have diagnosed him with severe depression and recommended that he take time off from work. (Id. at 9-11.) Mooney reported his doctor's recommendation to Roller Bearing, who appears to have allowed him to take a leave of absence from February 15, 2020 through Mach 23, 2020. (Id. ¶¶ 11-23.)

Mooney was supposed to return to work on March 23, 2020, but on March 18, 2020, Mooney told Roller Bearing he was also suffering from Benign Paroxysmal Positional Vertigo which made it difficult to sit up or walk—though it was improving. (Compl. ¶¶ 23, 25; Mooney Decl. Ex. 1 at 2.) Roller Bearing told Mooney he needed a doctor's release in order to return to work before March 20, 2020. (Compl. ¶ 26.) Mooney did so on April 3, 2020, and returned to work on April 6, 2020. (Id. ¶¶ 29-30.) The same day he returned to work he was told he was being terminated as part of a reduction in force. (Id. ¶¶ 31-32; Mooney Decl. ¶ 16.)

### B. Mooney's Prior Employment

Before starting with Roller Bearing, Mooney worked as a regional sales manager at Renold from 2006 to 2018. (Mooney Decl. ¶ 1.) Roller Bearing wants to obtain Mooney's "complete employment file and all personnel records" from Renold for a variety of reasons. First, Roller Bearing wants to test the veracity of Mooney's statements that Roller Bearing lured him away from Renold where he was happily employed, and that he had intended to remain at Renold until his planned retirement in 2021. (See Ex. H to the Declaration of Victoria Ainsworth (Dkt. No. 21-8).) Second, Roller Bearing desires to examine the records as they relate to Mooney's damages and Roller Bearing's affirmative defense of mitigation of damages. Third, Roller Bearing wants these records to explore any record of disability that they may or may not contain.

## ANALYSIS

### A. Legal Standard

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, limiting or forbidding discovery, and specifying terms for the discovery. Fed. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (quotation and citation omitted).

B.     **Motion to Strike**

Mooney asks the Court to strike several of Roller Bearing's relevancy arguments included in the opposition brief that he claims shifted from those asserted during the parties' pre-motion meet and confer process.

During the meet and confer process, Roller Bearing asserted that Mooney's employment file and personnel records from Renold were relevant to whether: (1) Mooney had "had performance issues at his old job to show there was a pattern"; (2) Mooney could have mitigated his damages by returning to his job at Renold; and (3) Mooney was truly lured away by Roller Bearing. (Declaration of Patrick Kang Ex. 3 at 2 (Dkt. No. 17).) In opposing Mooney's Motion, Roller Bearing argues the subpoena seeks materials relevant to: (1) Mooney's credibility as to his claim that Roller Bearing hired him away from Renold and that he could have remained at Renold until his anticipated retirement in December 2021; (2) Mooney's disabilities; (3) Mooney's emotional damages; and (4) Mooney's mitigation efforts. Roller Bearing no longer seeks the employment records to show that Mooney acted in conformity with any prior conduct at Renold. (See Opp. at 6 n.2.).

While the Court notes some shift in the rationale advanced by Roller Bearing, it finds no basis to strike any of the arguments raised in the opposition. The purpose of the meet and confer process is to determine in good faith whether the parties can resolve disputes "without court action." Local Rule 26(c)(1). The parties here engaged in that process and were unable to resolve their dispute. The "new" arguments that Roller Bearing advances all concern issues that were either raised by Roller Bearing in the meet and confer—mitigation and credibility—or that are central to this case— Mooney's damages and record of disability. Mooney cannot claim to be surprised by any of the "new arguments" and their inclusion in the opposition has not caused him

1  to withdraw his motion. Roller Bearing should have identified these "new" arguments in the

2  meet and confer, but their failure to do so appears to be harmless. And the Court is disinclined to

3  parse through every part of the meet and confer process to determine whether each point made in

4  an opposition brief was also addressed in the meet and confer process, particularly where the

5  arguments raised before the court concern matters of central relevance to the action. The Court

6  finds no basis to strike these arguments.

7  Mooney also asks the Court to strike nine paragraphs of defense counsel's declaration

8  and nine exhibits for which he claims counsel lacks personal knowledge. Counsel for Roller

9  Bearing avers that these exhibits were produced in discovery and that she has personal

10 knowledge of that fact. (Ainsworth Decl. ¶¶ 4-12 (Dkt. No. 21).) Counsel only avers that she is

11 producing "true and accurate cop[ies]" of various records produced by her client in discovery.

12 (Id.) She has not stated that they contain any specific facts or evidence about which she has

13 personal knowledge. This attestation satisfies Rule 602, because counsel knows what was

14 produced in discovery and that they are copies of documents from her client. The Court declines

15 to strike these statements and exhibits.

16 The Court thus DENIES the Motion to Strike in full.

17 **C.    Relevancy and Proportionality**

18 The Court disagrees with Mooney as to the relevance of the materials sought, but agrees

19 that the scope of the materials sought is overbroad and disproportional to the needs of the case.

20 **1.    Relevancy**

21 Mooney's employment file and personnel records are relevant to the question of

22 damages, mitigation, and Mooney credibility. Specifically, Roller Bearing reasonably desires to

23 review these materials to develop any facts to support its defense that Mooney could have

24

mitigated his damages by returning to Renold but did not. Similarly, Roller Bearing reasonably seeks these files to determine whether that Mooney could not have stayed at Renold until he retired in 2021—an issue related to Mooney's claimed damages. And Roller Bearing is entitled to obtain prior employment records to determine whether Mooney left Renold on good terms and accurately stated that he was truly lured away to Roller Bearing. Additionally, the employment records are relevant to Mooney's disabilities, as he may (or may not) have reported certain information about having had prior episodes of depression, excessive stress and/or vertigo. All of these issues demonstrate that the employment file and personnel records are relevant to the claims and defenses in this case.

### 2. Overbreadth

While the Court finds that Mooney's employment records are relevant, the scope of the request is overbroad. Roller Bearing has not deposed Mooney and has failed to provide any basis to believe that all twelve years of Mooney's employment records are necessary to probe the relevant issues identified above. All of the reasons Roller Bearing seeks the employment files and records focus on Mooney's final years of employment with Renold—whether Mooney left Renold of his own volition, whether he could have returned to Renold, and the nature of any disability. The Court believes that a far narrower production of the records to be proportional to the needs of the case. Specifically, the Court finds that the records should be limited to the final three years of Mooney's employment, which more narrowly targets materials relevant to the issues in the case. And while the twelve years of records could contain more information regarding Mooney's disability, the final three years more reasonably focuses on the factual issues presented in the case—namely Mooney's stress, sleeplessness, and vertigo which he alleges all

first occurred while at Roller Bearing. The Court therefore GRANTS the Motion in part and narrows the subpoena to the final three years of Mooney's employment.

**D.      Privacy Interests**

Mooney argues that the subpoena is an unnecessary intrusion into his privacy. The Court agrees that many of the materials sought in Mooney's employment records and personnel files will contain personal information. But Mooney's lawsuit has put some of this information at issue in this case, and discovery into these files is appropriate. And the Court remains unconvinced that Mooney's privacy interests cannot be adequately protected by marking materials as confidential pursuant to the existing Protective Order in the case and by applying redactions as required by Local Rule 5.2. (See Dkt. No. 13.) And should any discovery be produced that raises a specific privacy concern, Mooney may of course raise the matter separately with the Court. Accordingly, the Court rejects this argument as a basis to modify or quash the subpoena.

## CONCLUSION

The Court finds that the Renold employment materials from Mooney's final three years of employment are relevant and proportional to the needs of this case. As such, the Court narrows the scope of the subpoena but does not quash it. On this basis, the Court GRANTS in part and DENIES in part Mooney's Motion. The Court DENIES Mooney's Motion to Strike.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 15, 2021.

Marsha J. Pechman
United States Senior District Judge