1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD MOONEY,

                Plaintiff,

     v.

ROLLER BEARING COMPANY OF
AMERICA, INC.,

                Defendant.

CASE NO. C20-01030-LK

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND

## I.    INTRODUCTION

       This matter comes before the Court on Plaintiff Richard Mooney's motion to amend his

complaint. Dkt. No. 57. Mooney seeks to add a third claim alleging that Defendant Roller Bearing

Company of America, Inc. ("RBC") interfered with his rights under the Family and Medical Leave

Act ("FMLA"). RBC opposes the motion. Dkt. No. 60. For the reasons set forth below, the Court

denies Mooney's motion to amend.

## II.    DISCUSSION

       The facts and background underlying this case are set forth in the Court's order regarding

1    the parties' motions for summary judgment and will not be repeated here. Mooney has sued his

2    former employer, RBC, alleging that it interfered with his rights under the FMLA. The FMLA

3    makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of" an

4    employee's FMLA rights, including their rights to take up to 12 weeks of unpaid leave per year

5    for a serious health condition and to be reinstated following protected leave. 29 U.S.C.

6    § 2615(a)(1).

7         Currently, Mooney's FMLA claim is premised on two separate interference theories: that

8    (i) RBC interfered with his reinstatement rights by delaying his return to work until he presented

9    a fitness-for-duty certification, and that (ii) RBC interfered with his right to take protected leave

10   by discharging him because he extended his FMLA leave. Dkt. No. 1-2; Dkt. No. 28 at 14–16;

11   Dkt. No. 53 at 2 n.1. Mooney seeks to add a third claim that RBC interfered with his FMLA rights

12   by asserting a setoff affirmative defense and thereby seeking reimbursement (if Mooney is

13   successful at trial) for 20 days of wages and Mooney's portion of payroll deductions for Mooney's

14   healthcare it paid while Mooney was on FMLA leave. Dkt. No. 57-1 at 4. Mooney contends that

15   RBC violated his FMLA rights by seeking that offset because RBC never provided Mooney with

16   "written notice detailing the specific expectations and obligations of the employee and explaining

17   the consequences of his failure to meet these obligations as required by law." *Id.*

18        Employers are required to provide employees with notice of their rights and responsibilities

19   in taking FMLA leave, including but not limited to notice that the leave may be designated as

20   FMLA leave (and therefore counted against their 12-week annual allotment), their right to

21   substitute paid leave for unpaid leave, any requirement for the employee to continue to pay its

22   portion of its health insurance premiums to maintain coverage, and the "employee's potential

23   liability for payment of health insurance premiums paid by the employer during the employee's

24   unpaid FMLA leave if the employee fails to return to work after taking FMLA leave." 29 C.F.R.

1    § 825.300(c)(1). RBC does not contest that it did not provide Mooney with the required notice, *see*

2    Dkt. No. 60, but it disputes the consequence of that failure.

3    Courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In

4    evaluating a motion to amend, courts consider "bad faith, undue delay, prejudice to the opposing

5    party, futility of amendment, and whether the plaintiff has previously amended the complaint."

6    *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). RBC argues that Mooney

7    has unduly delayed in seeking to amend his complaint, and that the proposed amendment is futile

8    and prejudicial.

9    **A.  Undue Delay**

10    "Relevant to evaluating the delay issue is whether the moving party knew or should have

11    known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank*

12    *of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

13    Mooney argues that he did not engage in undue delay because he only learned through

14    RBC's opposition to his motion for summary judgment that it planned to seek a setoff based on

15    the wages and payroll deductions it paid. According to Mooney, before receiving that response, he

16    assumed that RBC was only seeking a setoff regarding the unemployment compensation benefits

17    he received. Dkt. No. 61 at 2. Mooney cites RBC's incomplete discovery responses as the basis

18    for that belief. *Id.* However, RBC's discovery responses, though incomplete, did not state that

19    RBC was seeking a setoff based on Mooney's receipt of unemployment compensation benefits.

20    Dkt. No. 27-6 at 2. Nor did its affirmative defense so state. Instead, RBC pled its setoff affirmative

21    defense much more broadly to encompass the setoff theory it now asserts. Dkt. No. 8 at 8

22    ("Plaintiff's claim for relief must be set off and/or reduced by wages, compensation, pay and

23    benefits, or other earnings, remunerations, profits and benefits received by Plaintiff"). While RBC

24    should have provided a more complete response to Mooney's interrogatory request for information

1   about its affirmative defenses, Mooney has known since RBC filed its answer and affirmative

2   defenses, in July 2020, that RBC sought a broad setoff for "pay" and other "benefits" Mooney

3   received. *Id.*

4          Moreover, Mooney has known since he took FMLA leave in early 2020 that RBC did not

5   provide the required notice. Based on that knowledge, he could have included the interference

6   claim he now seeks to add in his original complaint or in a timely filed amended version. *See, e.g.,*

7   *Jackson*, 902 F.2d at 1388. The only additional fact Mooney claims to have learned was the basis

8   for RBC seeking a setoff, but Mooney has known since at least July 2020, when RBC filed its

9   answer and affirmative defenses, that RBC was seeking a setoff and had not provided him with

10  the notice. Those facts were sufficient to have pled the additional FMLA interference theory that

11  he now belatedly seeks to add. Therefore, Mooney has engaged in undue delay by failing to seek

12  amendment sooner.

13     **B.  The Amendment Is Futile**

14          If a proposed amendment is futile or could not withstand a motion to dismiss, a court is

15  justified in denying a motion to amend. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

16  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to

17  the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-*

18  *Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*,

19  556 U.S. 662 (2009). In evaluating whether a claim is valid and sufficient, the Court assumes all

20  allegations in the complaint are true and draws every inference in the light most favorable to the

21  plaintiff. *See Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998). To state a claim, the

22  complaint must include sufficient factual allegations that "state a claim to relief that is plausible

23  on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

24

1    Mooney claims that as a result of RBC's failure to provide the required notice, it is
2  precluded from seeking reimbursement via a setoff. Dkt. No. 57 at 1, 4 ("Thus, by amending his
3  complaint and asserting this claim, Mr. Mooney should be permitted to get the court [to] rule as a
4  matter of law that Defendant is not entitled to reimbursement (i.e. setoff) because it failed to
5  provide the requisite written notice."). However, as explained in the Court's order denying
6  Mooney's motion for summary judgment on RBC's affirmative defense of setoff, the regulations
7  on which Mooney relies do not state that an employer who fails to give the required notice is
8  precluded from seeking a setoff or reimbursement of any funds paid. 29 C.F.R. §§ 825.300(c)(1),
9  825.300(e). Because Mooney was not entitled to any greater benefits, such as requiring RBC to
10 pay his portion of his payroll deductions or to paid leave, as a result of taking FMLA leave, 29
11 U.S.C. §§ 2612(c), 2614(a)(3)(B), the net effect of RBC's setoff defense is to ensure that Mooney
12 recovers only those damages to which he is entitled and does not receive a windfall.

13    Moreover, Mooney's proposed new third claim of FMLA interference does not state a
14 claim. While the regulations state that the failure to provide employees notice of their FMLA rights
15 may give rise to an interference claim, 29 C.F.R. § 825.300(e),[1] the Ninth Circuit has held that an
16 employer's failure to provide the notice is not, by itself, sufficient to state a cause of action. *See,*
17 *e.g., Olson v. United States by & through Dep't of Energy*, 980 F.3d 1334, 1338 (9th Cir. 2020).
18 Rather, to prevail on an FMLA interference claim, an employee must prove not only that the
19 employer violated the statute by interfering with, restraining, or denying his or her exercise of
20 FMLA rights, but also that the employee was prejudiced by the violation. *Ragsdale v. Wolverine*

[1] "Failure to follow the notice requirements set forth in this section may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights. An employer may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered." 29 C.F.R. § 825.300(e).

ORDER DENYING PLAINTIFF'S MOTION TO AMEND - 5

*World Wide, Inc.*, 535 U.S. 81, 89 (2002). Neither Mooney's proposed amended complaint nor his summary judgment briefing explain how RBC's failure to provide the notice interfered with his FMLA rights. Nor is such interference obvious under the circumstances because Mooney was allowed to take the full amount of leave he sought, retained his health insurance throughout, and was not potentially liable for RBC's portion of his health care premiums because he returned from his leave. 29 C.F.R. § 825.300(c)(1) (setting forth the subjects of the notice).

Mooney's proposed amended complaint also does not allege that he was prejudiced in any way by RBC's failure to provide the required notice. In his reply memorandum, Mooney argues that "the prejudice to Mr. Mooney is created by Defendant's own conduct of seeking an offset (i.e., credit) for payments it voluntarily made on his behalf, even though he was never afforded an opportunity to decide about the payments." Dkt. No. 61 at 3. Mooney's vague, unsupported allegation is insufficient to allege prejudice. He does not allege that he would have done anything differently had RBC provided the notice. Nor can he plausibly allege that he was prejudiced by avoiding payroll deductions and receiving more in wages than he was due. In the absence of facts supporting an interference claim based on the lack of notice, the claim would be subject to dismissal for failure to state a claim, so the Court denies leave to amend to add the claim. *See, e.g., Chen v. D'Amico*, No. C16-1877-JLR, 2017 WL 5900352, at *6–9 (W.D. Wash. 2017) (denying leave to amend where proposed new claims would not withstand a motion to dismiss and were therefore futile).

## C.  The Amendment Would Be Prejudicial

In deciding whether to grant leave to amend, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). RBC contends that allowing Mooney to add a new claim at this late date would be prejudicial because the deadlines to amend the pleadings, to conduct discovery, and

1  to file dispositive motions have all passed. Dkt. No. 60 at 6; *see also* Dkt. No. 15. RBC argues that

2  if it had known about Mooney's proposed new claim earlier, it would have sought discovery "into

3  the basis for Plaintiff's erroneous belief that RBC has ever, even now, sought to hold him liable

4  for the payments RBC made," Dkt. No. 60 at 6–7, and filed a motion to dismiss that claim, *id.* at

5  7. However, at this point, RBC cannot do either.

6          Moreover, Mooney's new interference theory is premised on different facts than his other

7  two interference claims. This supports RBC's contention that it would need to conduct additional

8  discovery, and thereby suffer prejudice, if the new claim were allowed. *See, e.g., Jackson*, 902

9  F.2d at 1387-88 (plaintiffs' proposed amended complaint would prejudice defendants by requiring

10  additional discovery); *Lockheed Martin Corp. v. Networth Solutions, Inc.*, 194 F.3d 980, 986 (9th

11  Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district

12  court's finding of prejudice from a delayed motion to amend the complaint."). Furthermore, courts

13  have found prejudice where a plaintiff sought to amend the complaint after the discovery and

14  dispositive motion deadlines had already passed and when the opposing party had a dispositive

15  motion pending. *See, e.g., Lloyd v. Powell*, No. C09-5734-BHS/KLS, 2010 WL 3666970, at *2

16  (W.D. Wash. 2010) (denying motion to amend). At this point, if the Court were to allow the

17  amendment, it would have to extend the deadlines for discovery and dispositive motions to avoid

18  prejudicing RBC. Doing so would require the Court to continue the quickly approaching May 16,

19  2022 trial date. It declines to do so. This case has been pending since June 2020 and the trial date

20  has already been continued once. Dkt. Nos. 11, 15. Neither party has requested that the Court

21  continue the trial date yet again, and the parties are entitled to prompt resolution of this matter.

22  The Court also notes that to the extent Mooney seeks to counter RBC's affirmative defense, he

23  may do so at trial regardless of whether he amends his complaint.

24

### III.   CONCLUSION

The Court finds that allowing Mooney's proposed amendment is unwarranted because it is futile, because Mooney unduly delayed in seeking amendment, and because RBC would suffer prejudice if the amendment were allowed. Accordingly, the Court DENIES Mooney's motion to amend his complaint. Dkt. No. 57.

Dated this 5th day of April, 2022.

Lauren King
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO AMEND - 8