Honorable Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD MOONEY,                                )
                                               )   No. 2:20-cv-01030-LK
                    Plaintiff,                 )
                                               )
       vs.                                     )   PLAINTIFF'S MOTION FOR AWARD OF
                                               )   ATTORNEYS' FEES PURSUANT TO 29
ROLLER BEARING COMPANY OF AMERICA, )               U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
INC., a Delaware corporation,                  )
                                               )
                    Defendant.                 )   Note on Calendar:  Friday, July 1, 2022
                                               )
_____)

**Premier Law Group** pllc
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

Plaintiff Richard Mooney respectfully moves for an order awarding attorneys' fees pursuant to 29 U.S.C. § 2617(a)(3), RCW 50A.40.040(3), Fed. R. Civ. P. 54(d)(2). Mr. Mooney requests reasonable attorneys' fees in the amount of $354,547.50 for the work performed from April 28, 2020 - June 2, 2022 (the date judgment was entered) based on Plaintiff's counsel's hourly rates of $500 per hour (for Kang); $400 per hour (for Lee); and $250 per hour (for Marino). Mr. Mooney also requests a 1.5 upward adjustment of the lodestar based on the contingent nature of success and the quality of work performed on this case. A subsequent supplemental motion for attorney's fees may be filed after the parties' post-judgment motions have been resolved.[1]

This motion is supported by the Declaration of Patrick Kang ("Kang Decl.") with accompanying exhibits, the Declaration of Jonathan Lee ("Lee Decl."), the Declaration of Alexander Higgins ("Higgins Decl."), the Declaration of Jamal Whitehead ("Whitehead Decl."), and the entire record before this Court.

## RELEVANT FACTS

Mr. Mooney filed this lawsuit in King County Superior Court on June 3, 2020, alleging that he was unlawfully terminated by Defendant in violation of his rights under the state and federal Family and Medical Leave Act (Title RCW 50A et seq. and 29 U.S.C. 2601 et seq.) and Washington's Law Against Discrimination (RCW 49.60 et seq.). RBC removed this matter to this Court on July 1, 2020. *(Dkt. 1)* Defendant denied Mr. Mooney's allegations and claims and asserted multiple affirmative defenses. *(Dkt. 8)*.

The case was tried before a jury on May 23, 2022. After a four-day jury trial, the jury returned a verdict on May 27, 2022, in favor of Mr. Mooney, and against Defendant, in the total amount of $160,000.00, concluding that Mr. Mooney's state and federal FMLA rights were violated when it unlawfully terminated him. *(Dkt. 115)*. Judgment was entered on June 2, 2022. *(Dkt. 116)*.

---

[1] Plaintiff requested a stipulation from Defendant to extend the 14-day deadline under Rule 54(d)(2) for Mr. Mooney to file his attorney's fee motion until after the post-judgment motions were resolved, but Defendant did not stipulate. *See Kang Decl., ¶30 & Exh. 9 to Kang Decl.*

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 1

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

<u>**LEGAL AUTHORITY**</u>

**A. Awarding Reasonable Attorneys' Fees is Mandatory Under the State and Federal FMLA**

Under both the state and federal Family and Medical Leave Act, in addition to awarding judgment to the plaintiff, the law mandates that reasonable attorney's fees be awarded. 29 U.S.C. § 2617(a)(3) states, "[t]he court in such an action *shall*, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fee, and other costs of the action to be paid by the defendant." (Emphasis added). Likewise, RCW 50A.40.040(3) states, "In an action under subsection (1) of this section the court *shall*, in addition to any judgment awarded to a prevailing plaintiff, award reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action to be paid by the defendant." (Emphasis added).

Courts have interpreted the use of the word "shall" to mean that the attorney's fee provision under the FMLA to be mandatory as opposed to discretionary. *McDonnell v. Miller Oil Co., Inc.*, 968 F. Supp. 288, 292 (E.D. Va. 1997); *Sherry v. Prot., Inc.*, 14 F. Supp. 2d 1055, 1057 (N.D. Ill. 1998). The Seventh Circuit Court observed in *Cuff v. Trans States Holdings, Inc.*, 768 F.3d 605, 610-11 (7th Cir. 2014):

> Fee-shifting statutes such as § 2617(a)(3) are designed to prevent the potentially high costs of litigation from stifling justified claims. Without such a statute, defendants might have said to Cuff at the outset: 'We concede violating your rights under the Act, and we also concede that your loss is $50,000, but we plan to wage an all-out defense that will cost at least $200,000 to overcome. You might as well capitulate, because you will lose on net.' A business that can establish a reputation for intransigence may end up not paying damages and not having to defend all that often either, because if a prevailing party who litigates to victory gets only a small award of fees the next would-be victim will see that litigation is futile and the employer won't have to repeat the costly defense.

Rule 54(d)(2) of the Fed. R. Civ. Pro. states that a motion for attorney's fees must:

(i) be filed no later than 14 days after entry of judgment;

(ii) specify the judgment and statute … entitling the movant to the award;

(iii) state the amount that sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 2

Here, judgment in the amount of $160,000 in lost wages was entered on June 2, 20222, based on the jury's verdict concluding that Defendant interfered with Mr. Mooney's state and federal FMLA rights. Therefore, Mr. Mooney is entitled to an award of reasonable attorney's fees.

**B. The Lodestar Method Is Used to Determine Reasonable Attorney's Fees.**

Both the Ninth Circuit and Washington courts apply the 'lodestar' method to calculate reasonable attorneys' fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 675 P.2d 193 (1983). The court must first determine a "lodestar" figure by calculating the total hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Camacho*, 523 F.3d at 978; *Bowers*, 100 Wn.2d at 597. "[T]he attorneys must provide reasonable documentation of the work performed. This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work." *Bowers*, 100 Wn.2d at 597; <u>*see also*</u> *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (the fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked). A district court does not abuse its discretion by awarding fees under state law in excess of those allowed under federal law where the plaintiff challenges the same discriminatory conduct under state and federal law. *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 808-09 (9th Cir. 2018).

Under Washington law, where an attorney has a usual rate for billing clients, that rate will likely be a reasonable rate. *Bowers*, 100 Wn.2d at 597. Under federal law, "the established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Berg for C.K.M. v. Bethel School Distr.*, No. C18-5345BHS, 2022 WL1591286, at *3 (W.D. Wash. May 19, 2022) (citing *Camacho*, 523 F.3d at 979). In making a fee award, the "essential goal … is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 3

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

1

### 1. The Hourly Rates Requested are Reasonable.

Plaintiff's lead counsel, Patrick Kang, claims a base lodestar hourly rate of **$500 per hour;** his co-counsel, Jonathan Lee, requests a rate of **$400 per hour;** and **$250** per hour for his associate, Kristina Marino. *See Kang Decl*., ¶22-24.

It should be noted that Plaintiff's counsel's rates are fully consistent with what clients are quoted in the contingency fee agreement should they wish to hire the firm on an hourly basis. *Id.; see also Exh. 2 to Kang Decl.* Furthermore, the $500 rate is what Kang's clients pay for employment consultation services related to non-contingency matters. *Id.* As the Supreme Court noted in *Bowers*, "[w]here the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate." *Bowers*, 100 Wn.2d at 597. But even under the "prevailing market rate in the relevant community" factors, Plaintiff's counsel's hourly rates are comparable to those within this legal community. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) ("rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate").

As set forth in Mr. Kang's and Mr. Lee's declarations, they have considerable litigation experience, having handled hundreds of litigation cases over the years, and having tried numerous cases to successful verdict. *See Kang Decl*., ¶3; *Lee Decl.* Attorney Kang has also argued cases before the Ninth Circuit Court of Appeals, the Washington State Supreme Court, and the Washington Court of Appeals. *Id.* Mr. Kang and Mr. Lee have also presided over multiple arbitration cases as arbitrators. *Id.* Moreover, Plaintiff's counsel have also been recognized by many legal peer review groups for their success and professional achievements. *See Kang Decl*., ¶4; *Lee Decl.*

Furthermore, Attorney Jamal Whitehead of Shroeter Goldmark & Bender, who has been in legal practice since 2007, attests that his hourly rate is $525 per hour and that it is his opinion that Kang's rates of $500 per hour, Lee's rate of $400 per hour, and Marino's rate of $250 per hours are "well within market

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 4

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

levels." *See Whitehead Decl.*, *¶10, 17-18*.  Likewise, Attorney Alexander Higgins of the Law Offices of Alex J. Higgins, who has been in practice since 1991, and it is his opinion that Kang's rate as well as the rates of Mr. Lee and Ms. Marino are "low" in comparison to rates charged by other firms. *See Higgins Decl., p. 2.*

Plaintiff's counsel's hourly rates are also comparable to rates of other attorneys within our legal community.  In *Berg for C.K.M. v. Bethel School Distr.*, supra, Judge Settle recently held that partner rates of $525 and $600 per hour and associate rates of $350 to $450 per hour to be reasonable and comparable to the rates of other attorneys in the Seattle-Tacoma area of similar skill, experience, and reputation. *Berg for C.K.M.*, 2022 WL1591286, at *3 (citing *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326–27 (W.D. Wash. 2009)).  Moreover, the National Law Journal's 2015 survey of nationwide billing rates listed that the median rate for a partner in Washington state in 2015 was $460 per hour and $350 for an associate. *See Kang Decl.*, *¶25; see also Exh. 3 to Kang Decl.*  Additionally, an attorney at defense counsel's firm, who has been in legal practice for sixteen years (six less years than Mr. Kang and four more years than Mr. Lee), declared that his hourly rate on employment matters was $425 per hour (*Exh. 4 to Kang Decl.*), while Ms. Basauri, who was one of the defense attorneys in this case, declared that her hourly rate on employment matters was $375 per hour (*Exh. 5 to Kang Decl.*). *See Kang Decl., ¶26-27.*  It should be noted that Ms. Basauri has only been a practicing attorney for five years, and this case was her first trial. *Id.*

Because the rates of $500 per hour (for Kang), $400 per hour (for Lee) and $250 per hour (for Marino) are comparable to rates of other attorneys in our legal community with similar skills, experience, and reputation, these rates should be deemed reasonable.

## 2.  The Number of Hours Requested Are Reasonable.

In determining the reasonable time component of the lodestar, "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 5

**PREMIER LAW GROUP PLLC**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). However, as the Ninth Circuit noted when analyzing contingent fee cases: "[i]t must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. *Id.* at 1112. Accordingly, it has held: "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id.*; *see also Perkins v. Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988) ("Sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case").

### i. Plaintiff attempted to resolve the claims on several occasions before incurring all the legal expenses and costs of litigation.

Here, Plaintiff's counsel put in as much work as was needed to fully ensure that Mr. Mooney received the full the justice he was entitled to after repeated attempts to resolve the matter failed. From the surface, before a thorough workup and preparation was performed on the case, the case appeared unappealing and undesirable. When Mr. Mooney first consulted Plaintiff's counsel about the case, he was advised that on the surface the case appeared unappealing to support a wrongful termination claim. *See Kang Decl., ¶20.* On the surface, it appeared that the termination was a lawful termination, especially when hundreds of Defendant's other employees were also laid off in 2020. *Id.* Also making the case unappealing and undesirable was the fact that Mr. Mooney had been on a Performance Improvement Plan as well as received several documented discussions about needing to improve his ROC writings. *Id.* This further made his case risky and unappealing to pursue. *Id.* Moreover, the case did not appear to be a large damages case since a jury could have concluded that Mr. Mooney would have been let go any time after he returned to work based on his past performance of failing to write ROCs. *Id.* Based on the undesirability and lack of appeal for the case, Mr. Mooney and his counsel's strategy was to try to settle the case for an

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 6

**PREMIER LAW GROUP PLLC**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

amount between $16,000 - $25,000, which was two to three months of Mr. Mooney's wages versus the measly two weeks of severance Defendant offered Mr. Mooney. *Id., ¶*21.

Shortly after the lawsuit was filed, the parties agreed in the Join Status Report *(Dkt. 10, p. 4)* that "the parties intend to attempt early resolution after review of the Initial Disclose Statements and agree to participate in a settlement conference with a Magistrate Judge and/or private mediation." *Id., ¶8.* After the initial disclosures were produced in the fall of 2020, Mr. Mooney's counsel raised the issue of settlement with defense counsel. *Id.* Defense counsel advised that Defendant was not interested in discussing settlement until after discovery was completed. *Id.* The issue was again raised a few months later in early 2021 after Defendant's computer system was compromised, causing a delay in Defendant's ability to produce discovery documents. *Id.* Again, Defendant expressed that it was not interested in discussing settlement until after discovery was completed, *and* after Defendant had a chance to move for summary judgment on Mr. Mooney's claims. *Id.*

After discovery was completed and Defendant lost its summary judgment motion, the issue of settlement was again raised in early April 2022. *Id.,¶9.* Defendant refused to offer anything more than $75,000. *Id.* Plaintiff had made a counteroffer of $250,000 and advised Defendant that we "still have room to negotiate, but that [Defendant is] going to need to get into six figures." *Id.; see also* Exh. 1 to *Kang Decl.* Defendant refused to further negotiate, forcing Mr. Mooney to trial. *Id.*

### ii.    The case was complex, difficult and challenging.

This was a factually complex and difficult case. First, Defendant claimed that Mr. Mooney was let go as part of a companywide Reduction in Force (RIF) because of the anticipated slowdown in its business due to COVID-19, which was starting to impact businesses all around the world. *See Kang Decl.*, ¶11-12. There was no doubt that all businesses around the world were being impacted because of the COVID-19 pandemic, including Defendant's business, and many people were being laid off because of it. *Id.*, ¶13.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 7

**Premier Law Group** pllc
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

Additionally, Defendant contended that Mr. Mooney was selected for the RIF because of his unsatisfactory work performance, his high salary in comparison to other salespeople in his industrial sales group, and that his sales territory produced less sales revenue than the other salespeople in his group. *Id.,* *¶11-12.* Mr. Mooney was placed on a Performance Improvement Plan because of his lack of ROC writing, and he was repeatedly told that he needed to write more ROCs. *Id.* Even his annual performance evaluation indicated that he needed to improve on his ROC writing. *Id.*

Further making the case difficult and challenging was the fact that all of Defendant's witnesses testified that Mr. Mooney's termination had nothing to do with him extending his medical leave. *Id., ¶14.* Moreover, even the documents that Defendant produced during discovery showed that Mr. Mooney's salary was higher than many of the other comparable salespeople, and that his sales territory did produce less sales revenue than the others, which was consistent with Defendant's contention. *Id.* Trying to disprove these contentions, while also prove that Mr. Mooney's decision to extend his medical leave was a factor in the termination as COVID-19 ramped up, required Plaintiff's counsel to carefully review and analyze over a thousand pages of materials; read hundreds and hundreds of emails between Mr. Mooney and Defendant's employees and customers; analyze and decipher Defendant's sales reports; and comprehend Mr. Mooney's entire employment history with Defendant. *Id., ¶13.*

It required Plaintiff to propound two sets of interrogatories, four sets of requests for production of documents, and one set of requests for admissions. *Id., ¶15.* Defendant propounded two sets of interrogatories, two sets of requests for production, one set of requests for admissions. *Id.* The parties also exchanged several supplemental discovery responses. *Id.* Plaintiff's counsel also took the depositions of six employees and defended Mr. Mooney's and his wife's depositions. *Id.* Going through all the discovery, trying to find any information to support Plaintiff's theory and refute Defendant's contentions, was akin to searching for "needles in a haystack." *Id.*

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 8

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

Once discovery was completed, and materials thoroughly reviewed and analyzed, Plaintiff's counsel conducted extensive research and analysis of the relevant case law on several issues related to the various motions filed in this case, including the summary judgment motions, motions in limine, motion for protective order, motion to seal, motion for reconsideration, and motion to strike. *Id., ¶16.* Plaintiff prevailed on most of these issues. *Id.*

Once it was clear that the case was not going to settle and proceed to trial, Plaintiff's counsel had to figure out the best way to put everything together to tell Mr. Mooney's story while figuring out how best prove that Mr. Mooney's FMLA rights were violated using circumstantial evidence only. *Id., ¶17.* There was so much information that could be presented to the jury that it was crucial that the case was put together and presented in a way that would help the jury understand and appreciate what happened to Mr. Mooney without getting sidetracked about unrelated or insignificant issues or topics. *Id.*

Plaintiff's counsel prepared for trial by working with focus groups to ensure that the evidence and how the case was presented was understandable and persuasive. *Id., ¶18.* It required going over with the focus groups on various trial topics and issues, including presentation of Mr. Mooney's story as well as which evidence best supported Plaintiff's theory of the case. *Id.* Based on feedback from the focus groups, Plaintiff's counsel reorganized and reanalyzed his strategy on voir dire topics, opening statements, witness examinations, and closing argument. *Id.* Plaintiff's counsel also worked a lot with Mr. Mooney since his testimony was critical on how the jury would view the case. *Id.* It was important that his story was told in a way that his testimony, not only established credibility with the jury, but persuaded them on our theory of the case. *Id.* All of this trial preparation work took a lot of time, energy, and effort to ensure that an efficient and compelling case was presented in proving Mr. Mooney's case using circumstantial evidence only. *Id.*

| Timekeeper | Hourly Rate | Billable Hours (4/28/20 – 6/2/22) | Billable Fees |
|---|---|---|---|
| Patrick Kang | $500 per hr. | 671.6 hrs. | $335,800 |

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 9

**PREMIER LAW GROUP PLLC**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

| Jonathan Lee | $400 per hr. | 46.7 hrs. | $18,680 |
| Kristina Marino | $250 per hr. | .9 hrs. | $225 |
| **TOTAL** | | 719.2 hrs. | $354,705 |

From the time Mr. Mooney hired Plaintiff's counsel in early April 28, 2020, through March 1, 2022 (the date the parties filed all of the summary document materials), Plaintiff's counsel (Kang & Marino) had incurred a total of 342.5 hours of time, related to the state and federal FMLA claims. *Id., ¶29.* From March 2, 2022, through June 2, 2022, the date judgment was entered, Plaintiff's counsel spent another 376.70 hours related to the state and federal FMLA violation claims, preparing for and participating in the trial. *Id.* The total number of hours Plaintiff's counsel spent from April 28, 2020 through June 2, 2022, was **719.20 hours**. *Id.; see also Exh. 6 – 8, attached to Kang Decl.* These hours do not include the post-judgment work performed after judgment was entered on June 2, 2022. *Id.*, ¶29.

All billable personnel at Plaintiff's counsel's firms maintained contemporaneous time records in the firm's Timeslips software, showing discrete entries describing each item of work performed and recorded by tenths of an hour. *See Kang Decl., ¶29; Exh. 6 – 8.* This method of record keeping goes well beyond the requirements of the Ninth Circuit, where counsel "'is not required to record in great detail how each minute of his time was expended,'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000), and may meet their evidentiary burden by "simply listing his hours and identifying the general subject matter of his time expenditures." *Fischer*, 214 F.3d at 1121 (internal quotation marks omitted); *see also Dennis v. Chang*, 611 F.2d 1302, 1308-09 (9th Cir. 1980) (chronological and detailed time records with no dates are sufficient). These records, supported by sworn declarations, constitute the type of evidence relied upon by federal courts in hundreds of fees decisions and accurately reflect the many legal and factual issues involved. Mr. Mooney therefore requests reasonable attorneys' fees of $354,705 for the work performed from April 28, 2020 – June 2, 2022.

### iii. Mr. Mooney's claims involved common core facts that were all inextricably intertwined and/or based on related legal theories.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 10

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

"In a lawsuit where the plaintiff presents different claims for relief that 'involve a common core of facts' or are based on 'related legal theories,' the district court should not attempt to divide the request for attorney's fees on a claim-by-claim basis. Instead, the court must ... 'focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *Ambat v. City & County of San Francisco*, 757 F.3d 1017, 1032 (9th Cir. 2014). The plaintiff is still entitled to recover full reasonable attorney's fees even for claims on which he did not prevail if the claims for relief involved "a common core of facts or are based on related legal theories." *Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005); <u>*see also Ethridge v. Hwang*</u>, 105 Wn. App. 447, 461 (2001) (Under Washington law, "the court is not required to artificially segregate time in a case … where the claims all relate to the same fact pattern but allege different bases for recovery.").

In *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 518 (9th Cir. 2000), the defense argued that the plaintiff's attorney's fees should be reduced because she only prevailed on her retaliation claim, but not on her discrimination claim or claim for injunctive relief. <u>*Id*</u>. In rejecting this argument, the *Passantino* court pointed out that the facts for the retaliation claims "were inextricably intertwined with her discrimination claims" thus entitling the plaintiff to her full reasonable attorney's fees. <u>*Id*</u>.

Here, all of Mr. Mooney's claims arose out of the same course of conduct, involving a common core of facts. Mr. Mooney took medical leave and then extended his leave. When he attempted to return to work, he was told that he needed to present a doctor's note to return, which delayed his return by two weeks. On his first day back, he was terminated. At trial, Mr. Mooney claimed was that once he extended his medical leave, Defendant began taking steps to replace him and that when Mr. Mooney attempted to return to work, Defendant delayed his return so that it could speak with another salesperson, Mike Carroll, about taking over Mr. Mooney's territory. All the facts for his FMLA violation claims "were inextricably

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 11

**PREMIER LAW GROUP** PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

intertwined" with his WLAD claim.  Thus, all hours expended by Plaintiff's counsel should be considered by this Court when determining the proper attorney fee amount without any reduction for the unsuccessful claim.

### 3. Upward adjustment to the Lodestar amount is warranted.

Washington courts adjust the lodestar calculation upward when there is a contingent nature of success and where there is a high quality of legal representation. *Pham v. City of Seattle*, 159 Wn.2d 527, 541, 151 P.3d 976 (2007) ("Adjustments to the lodestar are considered under two broad categories: the contingent nature of success, and the quality of the work performed.").  "The contingency adjustment is based on the notion that attorneys generally will not take high risk contingency cases, for which they risk no recovery at all for their services, unless they can receive a premium for taking that risk." *Id.* The purpose of the multiplier is to encourage private attorneys to take on difficult high risk civil rights cases. *Id.* at 542. "Calculation of attorney's fee awards in cases brought under state law is a substantive matter to which state law applies[,]" and a district court does not abuse its discretion by awarding fees under state law in excess of those allowed under federal law where the plaintiff challenges the same discriminatory conduct under state and federal law. *Rodriguez*, 891 F.3d at 808-09.

This Court should apply a 1.5 upward adjustment to the lodestar amount under Washington's lodestar multiplier because of the contingent nature of success and the high quality of legal representation. As discussed above, this was an unappealing and undesirable case that was difficult to prove, which Mr. Mooney's counsel agreed to handle on a contingency basis. As Attorney Higgins pointed out, he would not have taken on the case on a contingency. *Higgins Decl., p.4.* Defendant rejected early attempts to settle, and Mr. Mooney's counsel risked earning nothing for all their work if it was a defense verdict. Additionally, counsel advanced thousands of dollars in litigation expenses that may never have been recouped without a successful outcome. As a result, the Court should adjust the Lodestar amount upward by 1.5 multiplier under *Pham*, increasing the fee award to $532,057.50 (1.5 x $354,705).

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 12

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

## **CONCLUSION**

For the foregoing reasons, Mr. Mooney respectfully requests that the Court award attorneys' fees in the Lodestar amount of $354,705, and then make an upward adjustment a 1.5 fee multiplier, for a total attorneys' fee award of $532,057.50.

DATED THIS 14th day of June 2022

PREMIER LAW GROUP, PLLC

_/s/ Patrick J. Kang_
**Patrick J. Kang,** WSBA #30726
Attorneys for Plaintiff Richard Mooney
1408 140th PL NE
Bellevue, WA 98007
(206) 285-1743

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 13

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316