Honorable Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD MOONEY, | ) |
| | ) No. 2:20-cv-01030-LK |
| Plaintiff, | ) |
| | ) DECLARATION OF PATRICK J. KANG IN |
| vs. | ) SUPPORT OF PLAINTIFF'S MOTION FOR |
| | ) AWARD OF ATTORNEYS' FEES |
| ROLLER BEARING COMPANY OF AMERICA, | ) PURSUANT TO 29 U.S.C. §2617(a)(3) AND |
| INC., a Delaware corporation, | ) RCW 50A.40.040(3) |
| | ) |
| Defendant. | ) Note on Calendar:  Friday, July 1, 2022 |
| | ) |

Patrick Kang, who is over the age of 18 and competent to testify herein, and based on his personal knowledge declares under penalty of perjury of the laws of the state of Washington, as follows:

**A. Qualifications, Experience and Recognition.**

1. I have been actively involved in this case from the time Mr. Mooney first contacted me in late April 2020 after he was let go.  I was the lead attorney on this case and was directly involved and/or oversaw all aspects of the legal work performed in this matter.  Therefore, I am familiar with the files, correspondence, records, pleadings, discovery and trial on the merits in this matter.

2. I have been a practicing attorney since 2000 and have been an active member in good standing with the Washington State Bar since that time.  I graduated *cum laude* from Whitworth

DECLARATION OF PATRICK J. KANG IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3)
(No. 2:20-cv-01030-LK) - 1

**Premier Law Group pllc**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

College with an undergraduate degree in Economics in 1996. I attended Willamette University College of Law and also graduated *cum laude* with a Juris Doctorate degree in 2000. I am currently licensed in the State of Washington, and also admitted to practice in both the Western and Eastern United States District of Washington as well as the United States Court of Appeals for the Ninth Circuit.

3. I am a principal of Premier Law Group PLLC, which was established in December 2004. All of my cases involve representing plaintiffs in litigation related to employment matters (e.g. discrimination, wage & hour, FMLA and civil rights violations) and personal injury matters. Over the past twenty-two years, I have handled hundreds of litigation cases and have tried numerous cases to successful verdict, including but not limited to, *Graden v. Farmers Insurance et al.*, King County Superior Court, No. 10-2-14502-8KNT, *McClintock v. Kerrigan*, King County Superior Court, No. 14-2-07501-4SEA, *Hannaford v. New King's Wok Buffet Poulsbo et al.*, Kitsap County Superior Court, No. 15-2-00300-5, *Mikelsen v. Allstate*, Snohomish County Superior Court, No. 10-2-05877-8. Moreover, I have also arbitrated hundreds of cases over the past twenty-two years. I have also argued cases before the Ninth Circuit Court of Appeals (*Hamre v. City of Bothell*, CV01-01736MJP), the Washington State Supreme Court (*Harris v. Tilaye*, No. 85570-6), and the Washington Court of Appeals (*Korwell Corp. v. Belbayev*, No. 58480-4, *Stephenson v. Pleger*, No. 37738-1). Additionally, I have also presided over more than fifty arbitrations as an appointed arbitrator in King County Superior Court, Pierce County Superior Court, Snohomish County Superior Court, and the American Arbitration Association (AAA).

4. I have been selected as a Rising Star and a Super Lawyer by Super Lawyers Magazine for the State of Washington, which according to the magazine's website lists no more than 2.5% to the Rising Stars list and no more than 5% to the Super Lawyers list. I have also been selected by The National Trial Lawyers Association as one of the Top 100 Trial Lawyers in Washington State. Additionally, I have received the highest rating by Martindale Hubbell (*AV rating*) as well as by

DECLARATION OF PATRICK J. KANG IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3) (No. 2:20-cv-01030-LK) - 2

**Premier Law Group PLLC**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

AVVO.com (10.0 rating).   I am also a graduate of Gerry Spence's Trial Lawyer's College in Wyoming.

5.     I am familiar with employment litigation work in this state based on my personal experience as well as my discussions with numerous other attorneys who practice in this area of law. I have attended several CLE seminars related to employment litigation during my career.  As a result, I am aware of the difficulties of proving these types of claims in a court of law.  I am also familiar with the verdicts reported in Northwest Jury Verdicts (a publication that reports on the verdicts and arbitration awards around the State of Washington and in neighboring states).  Through my years of experience handling employment cases, I have obtained what I believe to be a good working knowledge and understanding of how businesses aggressively defend lawsuits which they believe lack merit.

**B.    Settlement Negotiations, the Trial and Verdict**.

6.     The case was tried to the jury beginning on May 23, 2022.  After a four-day trial, on May 27, 2022, the jury returned a verdict in favor of Mr. Mooney and against Defendant in the total amount of $160,000.00, concluding that Mr. Mooney's state and federal FMLA rights were violated.

7.     This case could have been resolved early on shortly after the lawsuit was filed for one-tenth what the jury awarded without the parties incurring all the legal expenses and costs on this case. *See* Section D below (Undesirability of Case section).

8.     During the Joint Status Conference, the parties agreed, as indicated in the Join Status Report, that "the parties intend to attempt early resolution after review of the Initial Disclose Statements and agree to participate in a settlement conference with a Magistrate Judge and/or private mediation." *Dkt. 10, p. 4*.  After the initial disclosures, I raised the issue with defense counsel, Victoria Ainsworth, about early mediation and she advised me that Defendant was not interested on discussing settlement until after discovery was completed.  I again raised the settlement issue a few months later

DECLARATION OF PATRICK J. KANG IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3) (No. 2:20-cv-01030-LK) - 3

**Premier Law Group PLLC**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

1  in early 2021 after Defendant's computer system was compromised, causing a delay in Defendant's ability to produce discovery documents. Again, I was told that Defendant was not interested in discussing settlement until after discovery was complete and Defendant had a chance to move for summary judgment on Mr. Mooney's claims.

9.    After discovery was completed and Defendant's summary judgment motion was denied, I again raised the issue of settlement in early April 2022. Mr. Marks-Diaz told me to send over a demand. Our opening demand was $300,000. Defendant's last and final offer was $75,000. We made a counteroffer of $250,000 and advised Defendant that we "still have room to negotiate, but that they're going to need to get into six figures." *See* **Exhibit 1**, which is a true and correct copy of my email to defense counsel. Defendant refused to further negotiate, forcing Mr. Mooney to trial, including all the trial preparation work that I had to do to ensure a successful outcome.

**C.    The Difficulties and Challenges of the Case.**

10.    In my experience, it is frequently common and often essential in litigating employment cases like this to have more than one plaintiff's counsel involved in the litigation of the case. This is especially true where the case is vigorously defended by experienced and competent defense attorneys. Defendant's attorneys throughout the litigation of this case were Blake Marks-Dias and Victoria Ainsworth. Then as the case proceeded to trial, Taryn Basauri, also got involved. Unfortunately, because of COVID-19 and staff reduction, I predominantly handled the case on my own and my associate, Jonathan Lee, got involved in the last few weeks before trial to assist me at trial.

11.    Based on my litigation experience, this was a factually complex case. The case was difficult, challenging and complex because Defendant's contention for why Mr. Mooney was selected as part of the companywide reduction in force (RIF) due to COVID-19 appeared legitimate on the surface. Defendant contended that Mr. Mooney was selected because of his unsatisfactory work performance (e.g., failing to do ROCs and being placed on PIP), his salary in comparison to other

DECLARATION OF PATRICK J. KANG IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3) (No. 2:20-cv-01030-LK) - 4

Premier Law Group PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

comparable salespeople, and that his sales territory produced less sales revenue than the other salespeople's territory in the industrial sales group.

12.  There was no question that Defendant placed Mr. Mooney on a Performance Improvement Plan because of his lack of ROC writing, and that it had repeatedly told him that he needed to write more ROCs. There was also no question that he was on management's radar because of his lack of ROC writing, and thus management deemed Mr. Mooney's work performance to be unsatisfactory. Even his annual performance evaluation indicated that he needed to improve on his ROC writing as well as growing his territory.

13.  As we all know, most businesses slowed down in late March 2020 after the COVID-19 pandemic, and many businesses laid off its employees because of it. To prove that COVID-19 and Mr. Mooney's job performance was not the only reason for the termination required me to go through over more than one thousand two hundred pages of materials, read hundreds and hundreds of emails, analyze and decipher Defendant's sales revenue reports, and try to understand Mr. Mooney's employment history for the past two years since he joined Defendant.

14.  Further making the case difficult and challenging was the fact that the documents that Defendant produced during discovery to support why Mr. Mooney was selected did show that Mr. Mooney's salary was higher than many of the other comparable salespeople, and that his sales territory did produce less sales revenue than the other salespeople's territory, which was consistent with what Defendant had been claiming. Moreover, all of Defendants' witnesses consistently denied that Mr. Mooney's termination had anything to do with him extending his medical leave.

15.  The parties conducted extensive discovery. Plaintiff propounded two sets of interrogatories, four sets of requests for production of documents, and one set of requests for admissions. Defendant propounded two sets of interrogatories, two sets of requests for production, one set of requests for admissions. Additionally, the parties exchanged several supplemental discovery

DECLARATION OF PATRICK J. KANG IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3) (No. 2:20-cv-01030-LK) - 5

Premier Law Group pllc
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

responses with Defendant producing three separate sets of supplemental responses and Plaintiff producing one set. Based on all of the materials Defendant produced in this matter, I was required to invest a significant amount of time reviewing and analyzing over 1,200 pages of documents, which many times needed to be reanalyzed and re-reviewed to fully comprehend what really happened to Mr. Mooney. In addition to the discovery requests, I took the depositions of six employees of Defendant, who had knowledge or information related to the claims and defenses in this case. Defendant took the deposition of Plaintiff and his wife. Going through the discovery process was akin to searching for "needles in a haystack," hoping to find any relevant information that would help support our theory and persuade the jury that Mr. Mooney's FMLA rights were violated, while also showing that Mr. Mooney was not an unsatisfactory performer as Defendant alleged.

16. In addition to the discovery performed in this matter, I conducted extensive research and analysis of the relevant case law on several issues related to the many motions I filed in this case, including Plaintiff's partial summary judgment motions, motions in limine, motion for protective order, motion for reconsideration, and motion to strike. Many of the issues in these motions were either granted, or partially granted. Additionally, I spent a considerable amount of time researching and opposing Defendant's summary judgment motion, which I successfully defeated.

17. Once it was clear that the parties were not going to be able to resolve the case without trial, I began strategizing and working on a way to best prove that Mr. Mooney's FMLA rights were violated using only circumstantial evidence. There was so much information that could be presented to the jury that it was crucial that the case was presented in a way that would help the jury understand and appreciate what happened to Mr. Mooney without getting confused or sidetracked about issues or topics that were insignificant or unrelated to the claims or defenses of the case.

18. I spent a considerable amount of time preparing for trial by working with focus groups to ensure that the evidence and how the case was being presented to support my theory of the case was

DECLARATION OF PATRICK J. KANG IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3) (No. 2:20-cv-01030-LK) - 6

**Premier Law Group pllc**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

understandable and persuasive. It required going over various trial topics and issues with the focus groups, including presentation of Mr. Mooney's story as well as which evidence to use to best support our theory while dealing with Defendant's contentions. Based on the information and feedback I received from the focus groups, I was compelled to reorganize, re-analyze and rework my strategies on my voir dire topics, opening statements, the witness examination questions, and my closing argument. I also spent a lot of time working with Mr. Mooney so he could tell his story in a way consistent with the feedback I was receiving from the focus groups as well as how he responded during cross-examination. Mr. Mooney's testimony was the most important evidence at trial, not only because it accounted for more than half of the plaintiff's trial time, but because how the jury perceived his testimony, and his courtroom demeanor would "make or break" his case. All of this took a massive amount of time, energy, and effort to ensure that an efficient and compelling case was presented in proving that Mr. Mooney's FMLA rights were violated using circumstantial evidence only, while countering Defendant's explanations for Mr. Mooney's termination. Additionally, after each trial day, I would spend several hours preparing for the next trial day.

19. The amount of work involved throughout this entire litigation process, including the work done to prepare for trial, required a lot of patience, time, analyzing and reanalyzing discovery materials, especially since the entire litigation, document analysis, and trial preparation was predominantly done on my own without the assistance of any other attorneys. My paralegal, Syuzanna Baliyan, assisted with the administrative tasks involved in this case, but our firm generally does not track paralegal time/tasks, and therefore, we are not requesting compensation for work she performed.

### D. The Undesirability of the Case.

20. When Mr. Mooney first consulted me about the case, I explained to him how unappealing the facts of his wrongful termination case was. From the surface, it appeared that the termination was a lawful termination, especially when hundreds of Defendant's other employees were

DECLARATION OF PATRICK J. KANG IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3) (No. 2:20-cv-01030-LK) - 7

Premier Law Group PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

also laid off in 2020. Also making the case unappealing and undesirable was the fact that Mr. Mooney had been on a Performance Improvement Plan as well as received several documented discussions about needing to improve his ROC writings, which made this case riskier and unappealing to pursue. Further making the case undesirable was the fact that this case did not appear to be a large damages case since the jury could have concluded that Mr. Mooney would have been let go any time after he returned to work if he had failed to continue his ROC writings.

21. Frankly, when I agreed to represent Mr. Mooney for this case, our strategy and desire was to get Defendant to resolve this case for an amount between $16,000 - $25,000, which was two to three months of his wages. Mr. Mooney had attempted to negotiate for this amount on his own with Defendant when it initially offered him a measly two weeks of severance. It was a surprise to me that Defendant refused to discuss resolution of this matter early on in litigation, even though it agreed to do so when we engaged in the Joint Status Conference. Clearly, there was nothing simple or easy about trying this case. Additionally, my firm advanced over $8,300 for this case and risked not recovering any of his advanced costs.

### E. Firm's Hourly Rate and Comparable To Rates Within Community.

22. My base lodestar hourly rate of **$500 per hour** and **$400 per hour** for my associate, Jonathan Lee, and **$250.00** for my associate, Kristina Marino. It should be noted that my rate is fully consistent with what clients are quoted in the contingency fee agreement should they wish to hire the firm on an hourly basis. Attached as **Exhibit 2** is a true and correct copy of the contingency fee agreement that was executed by Mr. Mooney in this case. Furthermore, this is the rate that my clients pay for employment consultation services related to non-contingency matters. But even considering other factors such as the skill of the attorneys, experience, and reputation to determine the prevailing market rate in the relevant community, still supports our hourly rates.

DECLARATION OF PATRICK J. KANG IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3) (No. 2:20-cv-01030-LK) - 8

Premier Law Group pllc
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

23. Mr. Lee's rate of $400 per hour is reasonable based on his experience, reputation and expertise as set forth in his declaration in support of our motion for attorney's fees.

24. Ms. Marino's rate of $250 per hour is reasonable based on her experience, reputation and expertise. She has been employed by my firm as a practicing attorney since she became licensed with the Washington State Bar in May 2020. She graduated from Seattle University School of Law in 2019. During her two years with my firm, I have been one of her supervising attorneys and am familiar with the quality of her work, the quantity of the cases she has handled, and the outcome of those cases. Since she has been with our firm, Mr. Marino has handled almost a hundred litigation cases, mostly personal injury mandatory arbitration cases. She has successfully arbitrated almost forty arbitration cases, have taken or defended almost a hundred depositions, and have participated in multiple motions practice. Based on this experience, reputation and expertise, I believe her hourly rate of $250 is actually below the going rate of someone with comparable experience in our legal community.

25. The rates we charge for our experience, reputation and expertise are consistent with the prevailing market rates for attorneys of comparable levels of expertise and reputation in the Seattle area law firms that practice litigation. Attached hereto as **Exhibit 3** is a true and correct copy of the National Law Journal's 2015 survey of nationwide billing rates. Per this survey, the median rate for a partner in this area in 2015 was $460 per hour and $350 for an associate.

26. Additionally, attached hereto as **Exhibit 4** is a true and correct copy of an attorney fee declaration from Jeff Bone, an attorney at defense counsel's law firm, dated April 2, 2022. Mr. Bone declared that he has been practicing law for sixteen years with ten of those years being in Washington, and his claimed hourly rate is $425 per hour. Mr. Bone has been in practice six years less than I have been, and most likely does not have the level of trial experience that I do.

27. Moreover, attached hereto as **Exhibit 5** is a true and correct copy of an attorney fee declaration from Taryn Basauri, dated April 20, 2022. Ms. Basauri declared that she has been

DECLARATION OF PATRICK J. KANG IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3) (No. 2:20-cv-01030-LK) - 9

Premier Law Group PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

practicing law for five years (since 2017), and her claimed hourly rate is $375 per hour. Ms. Basauri has been in practice 7 years less than my co-counsel, Jonathan Lee, and does not have the level of trial experience as Mr. Lee based on Ms. Basauri informing me during trial that this case was her first trial ever, yet her hourly rate is almost equal to Mr. Lee's hourly rate of $400 per hour.

28. The repercussions that I would have incurred had this case resulted in a defense verdict cannot be emphasized enough, since my firm is a small, five attorney firm who expended over 700 hours without compensation. To make matters worse, the firm would have also lost over $8,300 in costs it advanced for Mr. Mooney's case, which more than likely would not have been recouped. Thus, when a trial of this nature occupies a significant amount of counsel's time, it is no small sacrifice. Further, a defense verdict would not have only caused financial difficulty on my firm, but the result would have been catastrophic to Mr. Mooney, who would have received nothing for the violation and injustice he endured at the hands of Defendant. These realities should not be lost on the court.

### F. Hours Expended on this Matter up to Time Recovery Was Assured.

29. From the time I was consulted on April 28, 2020 through March 1, 2022, the date the parties completed filing all of their summary judgment motions, I had spent a total of 341.6 hours related to the state and federal FMLA violation claims; and Ms. Marino had spent 0.9 hours. From March 2, 2022, through June 2, 2022, the date judgment was entered on this case, I spent another 330 hours related to the state and federal FMLA violation claims, including preparing for and participating in the trial; and Mr. Lee spent 46.7 hours. The total number of hours Mr. Lee, Ms. Marino, and I spent on Mr. Mooney's case for the periods of April 28, 2020 through June 2, 2022, was **719.2 hours**. Attached as **Exhibit 6** is a true and correct copy of my time entries from 4/28/20 – June 2, 2022, which show a total of 671.6 hours I spent during that time period. **Exhibit 7** is a true and correct copy of the time entries of my co-counsel, Jonathan Lee, from April 28, 2020 – June 2, 2022, which show a total of 46.7 hours he spent during that time period; and **Exhibit 8** is a true and correct copy of the time

DECLARATION OF PATRICK J. KANG IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3) (No. 2:20-cv-01030-LK) - 10

Premier Law Group pllc
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

entries of my associate attorney, Kristina Marino, from April 28, 2020 – June 2, 2022, which show a total of 0.9 hours she spent during that time period. These hours do not include the post-judgment work performed after judgment was entered on June 2, 2022. As part of our firm's policy, the time entries and a description of the tasks performed are contemporaneously entered in Timeslips, which is the time management software that our firm uses. The time entry is entered in increments of a tenth of an hour.

30.    I had requested a couple of different times that Defendant agree to a stipulation, extending the 14-day deadline under Rule 54(d)(2) for Mr. Mooney to file his attorney's fee motion until after the post-judgment motions were resolved, but Mr. Marks-Dias responded by stating that he would need to get back to me. As of the date of this declaration, Mr. Marks-Dias did not respond back agreeing to the stipulation. Attached as **Exhibit 9** is a true and correct copy my email communication with Mr. Marks-Dias regarding the stipulation to extend the attorney's fee motion deadline.

I swear under penalty of perjury of the laws of the State of Washington that the foregoing is true and correct and to the best of my knowledge.

DATED THIS 14th day of June 2022

PREMIER LAW GROUP, PLLC

*/s/ Patrick J. Kang*
**Patrick J. Kang,** WSBA #30726
Attorney for Plaintiff
1408 140th PL NE
Bellevue, WA 98007
(206) 285-1743

DECLARATION OF PATRICK J. KANG IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 29 U.S.C. §2617(a)(3) AND RCW 50A.40.040(3) (No. 2:20-cv-01030-LK) - 11

**PREMIER LAW GROUP PLLC**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316