Honorable Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD MOONEY,<br><br>    Plaintiff,<br><br>vs.<br><br>ROLLER BEARING COMPANY OF AMERICA, INC., a Delaware corporation,<br><br>    Defendant. | No. 2:20-cv-01030-LK<br><br>PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES<br><br>Note on Calendar: Friday, July 15, 2022 |

**INTRODUCTION**

Plaintiff Richard Mooney files this motion pursuant to Rule 59(e) to alter/amend the judgment to include an award of: (1) liquidated damages, (2) pre-judgment interest, (3) post-judgment interest, and (4) a gross-up adjustment for adverse tax consequences.

Both the FMLA and WFMLA entitle Mr. Mooney to an award of liquidated damages. Defendant failed to prove under the FMLA that its employment action was undertaken in good faith and that it had reasonable grounds for believing that its action was not a violation of the FMLA. *See* 29 U.S.C. §2617(a)(1)(A)(iii). Moreover, Defendant's termination of Mr. Mooney was knowing and

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES
(No. 2:20-cv-01030-LK) - 1

**Premier Law Group pllc**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

intentional, and not due to an accident or a result of a bona fide dispute. The termination was therefore willful under RCW 50A.40.030(4). As a result, Mr. Mooney should be awarded liquidated damages in the amount of either **$182,547.95** or **$169,930.48** (verdict amount + prejudgment interest), depending on the Court's determination as to which statutory interest rate applies to the claims.

Mr. Mooney is also entitled to an award of pre-judgment interest under both the FMLA and WFMLA. <u>See</u> 29 U.S.C. §2617(a)(1)(A)(ii); RCW50A.40.030(3(b). Therefore, the Court should award prejudgment interest in the amount of **$22,547.95** or **$9,930.48**, depending on whether the Court applies the 12% or 6% statutory rate under RCW 19.52.020(1)(a) or 4.56.110(3)(b).

In addition to the prejudgment interest, post-judgment interest should also be awarded at the same statutory rate to the underlying damages award as well as to any subsequent awards granted by the Court, including liquidated damages, pre-judgment interest, gross-up adjustments, attorney's fees and costs.

Finally, the Court should also exercise its equitable authority and award a gross-up adjustment in the amount of either **$45,382** or **$27,155** for the adverse tax consequences that Mr. Mooney will suffer because of the lump sum payment he will receive as permitted by the Ninth Circuit in *Clemens v. CenturyLink Inc*., 874 F.3d 1113 (9th Cir. 2017).

**STATEMENT OF FACTS**

Mr. Mooney filed this lawsuit in King County Superior Court on June 3, 2020. Defendant Roller Bearing Company of America, Inc (hereinafter, "RBC"), removed this matter to this Court on July 1, 2020. *(Dkt. 1)* Mr. Mooney's claimed that he was unlawfully terminated him in violation of his rights under Washington's Family and Medical Leave Act (Title RCW 50A et seq.) and the federal Family and Medical Leave Act (29 U.S.C. 2601 et seq.) as well as Washington's Law Against Discrimination (RCW 49.60 et seq.). RBC denied the claims and asserted multiple defenses. *(Dkt. 8)*. Trial began on May 23, 2022. Following four days of testimony and jury deliberations, the jury

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 2

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

returned a unanimous verdict on May 27, 2022, in favor of Mr. Mooney awarding him lost wages of $160,000. (*Dkt. 115*)

## AUTHORITY

**A.  The FMLA and WFMLA Entitle Mr. Mooney to An Award of Liquidated Damages.**

Both the FMLA and WFMLA allow for an award of liquidated damages to Mr. Mooney equal to the sum of the compensatory damages and the prejudgment interest awarded, but the basis for awarding the liquidated damages differ under the two laws. *Compare* 29 U.S.C. § 2617(a)(1)(A)(iii) and RCW 50A.40.030(4).

**1.  Defendant presented no evidence to prove that it acted in good faith or that it had reasonable grounds for believing that its action was not in violation of the federal FMLA when it terminated Mr. Mooney because he extended his FMLA leave.**

29 U.S.C. § 2617(a)(1)(A)(iii) provides that "an additional amount as liquidated damages equal to the sum of the amount [awarded as wages] and the [prejudgment] interest" is to be awarded. However, the court may reduce the imposition of a liquidated damages award if the employer can prove that its employment action, which violated the FMLA, was undertaken in good faith *and* that the employer had reasonable grounds for believing that its action was not a violation of the FMLA. *Id.*; *Traxler v. Multnomah Cty.*, 596 F.3d 1007, 1015 (9th Cir. 2010). Even if the employer acted in subjective good faith, if its conduct was objectively unreasonable, it is not an abuse of discretion to award liquidated damages. *Gutierrez v. Grant County*, No. 10-48-LRS, 2011 WL 5279017 at *3 (E.D. Wash. Nov. 2, 2011) (citing *Cooper v. Fulton County, Georgia*, 458 F.3d 1282, 1288 (11th Cir. 2006)).

"There is a strong presumption in favor of liquidated damages, and it is the employer's burden to overcome this presumption by proving its reasonableness and good faith." *Isom v. JDA Software Inc.*, 225 F. Supp.3d 880, 887 (D. Ariz. Dec. 21, 2016) (citing *Thom v. Am. Std., Inc.*, 666 F.3d 968, 977 (6th Cir. 2012)). "Doubling of an award is the norm under the FMLA, because a plaintiff is

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 3

**Premier Law Group pllc**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

awarded liquidated damages in addition to compensation lost." *Nero v. Ind. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999)). Liquidated damages under the FMLA are compensatory in nature and not punitive. *Gutierrez*, 2011 WL 5279017 at *3; see also *Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 142 (2nd Cir.1999) ("[l]iquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the [statute].). "A court that declines to award liquidated damages must make specific findings that the employer's FMLA violation was in good faith and that the employer had reasonable grounds for believing that its conduct did not violate the FMLA." *Atwood v. PCC Structurals, Inc.*, No. 14-00021-HZ, 2015 WL 9480024, at *2 (D. Or. Dec. 28, 2015).

In this case, Defendant presented no evidence at trial to prove that it acted in good faith when it considered Mr. Mooney extending his FMLA leave as a factor in its decision to let him go. Likewise, Defendant presented no evidence at trial to prove that it had reasonable grounds for believing that its action of considering Mr. Mooney extending his FMLA leave as a factor in its decision to let him go as not being a violation of the FMLA. Instead, Defendant claimed at trial that its decision to select Mr. Mooney as part of its COVID-19 reduction in force was because of his poor job performance related to his ROC writing, and because he was earning a higher salary than many of his co-workers. The jury rejected these claims and found that Defendant considered Mr. Mooney extending his FMLA leave as a negative factor in its decision to let him go. Moreover, Defendant never asserted any affirmative defenses in its Answer (*Dkt. 8*) claiming that it acted in good faith or that it had reasonable grounds to believe it was not violating the FMLA. *See Murray v. Mayo Clinic*, No. 14-01314-PHX-SPL, 2017 WL 6001488 at *12 (D. Ariz. Jun. 8, 2017) (an employer may defeat a liquidated damages claim through an affirmative defense showing that it acted in good faith and with reasonable grounds).

Any attempts by Defendant to argue that it acted in good faith and had reasonable grounds because it considered Mr. Mooney's unsatisfactory job performance and his high income as a basis to

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 4

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

let him go should be rejected because that would disregard the jury's verdict. *See Atwood*, 2015 WL 9480024, at *3 (refusing to adopt the defendant's contention that it acted "appropriately" in denying the plaintiff's FMLA leave for purposes of determining whether defendant acted in good faith and had reasonable grounds because it would disregard the jury's verdict for the plaintiff); *Arban v. W. Pub. Corp.*, 345 F.3d 390, 408 (6th Cir. 2003) (reversing the district court's decision to deny liquidated damages because the basis for the court's decision "disregarded the jury's finding"); *Traxler v. Multnomah Cty.*, No. 06-1450-KI, 2010 WL 3069340, at *1 (D. Or. Aug. 2, 2010) (rejecting the employer's argument regarding good faith because "[t]he jury's award ... makes it clear that the jury did not believe all of this testimony").

Therefore, the Court should conclude that Defendant failed to prove that it acted in good faith *and* that it also failed to prove that it had reasonable grounds for believing that its action was not a violation of the FMLA.  Mr. Mooney should thus be awarded liquidated damages in the amount of either $182,547.95 or $169,930.48, depending on which prejudgment interest rate the Court adopts as discussed in Section B below - either 12.00% ($22,547.95) or 6.00% ($9,930.48).

> **2.   Defendant's violation of Mr. Mooney's WFMLA rights was willful. Defendant has failed to prove that its violation of the WFMLA was accidental or that there was a bona fide dispute.**

Similar to the FMLA, the WFMLA states that an employer is liable for liquidated damages equal to the sum of the compensatory damages and prejudgment interest, but the employer's violation has to be willful. RCW 50A.40.030(4).  "Willful" means "a knowing and intentional action that is neither accidental nor the result of a bona fide dispute." *Id.*  "The standard for proving willfulness is low." *Cronin v. Central Valley School Distr.*, 12 Wn. App.2d 99, 118, 456 P.3d 843 (2020). A "bona fide dispute" is a "fairly debatable dispute" over whether an employment relationship existed or whether the employee was entitled to the benefits under the WFMLA. *See Schilling v. Radio Holdings, Inc.,* 136 Wash.2d 152, 161, 961 P.2d 371 (1998) (bona fide dispute is a fairly debatable dispute over

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 5

**PREMIER LAW GROUP PLLC**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

whether an employment relationship exists or whether all or portion of the wages must be paid under the law). The burden is on the employer to show that a bona fide dispute exception applies. *Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 834, 287 P.3d 516 (2012).

Defendant's action was willful. The jury concluded that Mr. Mooney extending his medical leave was a negative factor in Defendant's decision to let him go, which violated the WFMLA. This was a knowing and intention act. Defendant made no effort at trial to prove that its decision to let him go was an accident or that there was a bona fide dispute over whether an employment relationship existed or that there was a dispute as to whether Mr. Mooney was entitled to the WFMLA benefits. Defendant also did not assert any affirmative defenses in its Answer alleging that its action was accidental or that there was a bona fide dispute. Instead, Defendant claimed at trial that Mr. Mooney extending his WFMLA leave had nothing to do with its decision to let him go, and the jury rejected that claim.

Therefore, the Court should conclude that Defendant's action was willful in violation of the WFMLA and award Mr. Mooney liquidated damages in the amount of either $182,547.95 or $169,930.48.

**B.     The WFMLA and FMLA Entitle Mr. Mooney to an Award of Pre-Judgment Interest.**

The FMLA and WFMLA entitle an employee to an award of prejudgment interest on the compensatory damages awarded. 29 U.S.C. § 2617(a)(1)(A)(ii) provides that the employee is entitled to interest "calculated at the prevailing rate" on the amount of "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the [FMLA] violation." Likewise, RCW 50A.40.030(3)(b) states that the employer who violates the WFMLA "is also liable for interest accrued on the damages assessed in this subsection[,]" which includes "[a]ny wages, salary, employment benefits, or other compensation denied or lost to such employee by reason

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 6

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

of the violation." Prejudgment interest on FMLA damages is mandatory, not discretionary. *Lane v. Grant County*, No. 11-309-RHW, 2013 WL5306986, at *10 (citing *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 302 (4th Cir. 2009)). Washington courts follow federal law in interpreting a statute if the federal law and state law are similar. *See Navlet v. Port of Seattle*, 164 Wn.2d 818, 828, 194 P.3d 221 (2008) (federal courts interpretation of federal law may be applied to similar state law). Because the WFMLA's prejudgment interest language is similar to the FMLA's language, awarding prejudgment interest under the WFMLA is also mandatory.

When a party obtains judgment on a state law claim in federal court, it is proper to apply Washington law to the award of prejudgment interest. *Oak Harbor Feight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949, 961-62 (9th Cir. 2008). Under Washington law, pre-judgment interest is determined by the statutory judgment interest rate set forth in RCW 4.56.110 and/or RCW 19.52.020. *See Teamsters Local 839 v. Benton County*, 15 Wn. App.2d 335, 350, 475 P.3d 984 (2020); *Mahler v. Szucs*, 135 Wn.2d 398, 429, 957 P.2d 632 (1998). Generally, "the judgment interest rate is 12 percent per annum [set forth in RCW 19.52.020(1)(a)], unless otherwise provided for in RCW 4.56.110." *Teamsters Local 839*, 15 Wn. App.2d at 351. Judgments that arise from "statutorily based claims" apply RCW 4.56.110(6) (previously codified as 4.56.110(4)). *Washington State Comm. Access Proj. v. Regal Cinemas, Inc.*, 173 Wn. App. 174, 223, 293 P.3d 413 (2013). However, judgments founded on "tortious conduct" apply RCW 4.56.110(3)(b), which is two percentage points above the prime rate.[1] *Id*. FMLA claims are statutorily based claims. *See Dicesare v. Town of Stonington*, No. 15-1703-VAB, 2017 WL1042056, at *5 (D. Conn. Mar. 17, 2017) (concluding that state's administrative remedy exhaustion requirements do not apply to "federal *statutory claims*, such as FMLA claims");

---

[1] The prime rate fluctuated from 3.25% as of April 1, 2020 and 4.00% as of June 1, 2022. *See* http://www.federalreserve.gov/releases/h15/data.htm; *See also* Schedule 5A, Brandt Decl. Therefore, the fluctuating interest rate for tortious conduct between April 1, 2020 and June 1, 2022 was between 5.25 and 6.00% (2% + prime rate). *See* Schedule 5A, Brandt Decl.

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 7

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

*Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) (pointing out that FMLA claims can be proved "as one might any ordinary *statutory claim*, by using either direct or circumstantial evidence or both"); *Siddiqua v. New York State Dept. of Health*, 642 Fed. Appx. 68, 71 (2nd Cir. 2016) (recognizing that collective bargaining agreement did not require parties to submit "*statutory claims*, such as those arising under the FMLA" to arbitration). Likewise, WFMLA claims should also be deemed statutorily based claims as concluded by federal courts, and thus, the rate of 12% should be applied to the prejudgment interest pursuant to RCW 4.56.110(6) and 19.52.020(1)(a). <u>See</u> *Stevens v. Brink's Home Security Inc.*, 162 Wn.2d 42, 51, 169 P.3d 473 (2007) (applying 12% interest rate to Minimum Wage Act violation claim because MWA claim does not constitute "tortious conduct").

According to Mr. Mooney's economic expert, William Brandt, CPA, his calculation of the prejudgment interest at the rate of 12% on the $160,000 compensatory damages award entitles Mr. Mooney to prejudgment interest of **$22,547.95**. <u>See</u> Declaration of William Brandt, ¶12 & Schedule 5B attached therewith. Alternatively, if the Court determines that the WFMLA claim is founded on tortious conduct, then a fluctuating interest rate of prime rate + 2% applies pursuant to RCW 4.56.110(3)(b). <u>See</u> *Saavedra v. Korean Air Lines Co.*, 93 F.3d 547, 555 (9th Cir. 1996) ("the most accurate way to fully compensate a plaintiff would be to award prejudgment interest from the date of injury, but at a fluctuating rate"). Thus, Mr. Mooney should be awarded prejudgment interest of **$9,930.48** based on a fluctuating prime rate (3.25% - 4.00%) plus 2% in the past two years. <u>See</u> Brandt Decl., ¶11 & Schedule 5A attached therewith.

**C.    Mr. Mooney Is Entitled to Post-Judgment Interest on All Damages, Including Compensatory Damages, Liquidated Damages, Prejudgment Interest, Gross-Up Adjustment, Attorney's Fees and Costs Awarded.**

Both the state and federal laws allow for post-judgment interest on monetary judgments. RCW 4.56.110; RCW 19.52.020; 28 U.S.C. § 1961(a). "The purpose of requiring a defendant to pay interest on a judgment is to compensate the plaintiff for the lost value of money when it was properly

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 8

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

attributable to the plaintiff, but in the defendant's possession." *Rufer v. Abbott Laboratories*, 154 Wn.2d 530, 552, 114 P.3d 1182 (2005). The post-judgment interest statute "mandates that interest accrue from the date of entry of judgment." *Id.* at 553. Likewise, the Ninth Circuit also have concluded that awarding post-judgment interest is mandatory under federal law. *See Van Asdale v. Int'l Game Tech.*, 763 F.3d 1089, 1092 (9th Cir. 2014) ("We have 'construe[d] the language of section 1961 to be mandatory in cases awarding post judgment interest,' including cases seeking back pay." (alteration in original)); *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1994) ("Failure to award post-judgment interest would create an incentive for defendants to exploit the time value of money by frivolously appealing or otherwise delaying payment.").

Post-judgment interest applies not only to the underlying award of damages, but also to any liquidated damages, pre-judgment interest, gross-up adjustments, and attorneys' fees or costs the court may award. *Air Separation*, 45 F.3d at 290 (noting that post-judgment interest has been applied to attorney fees, punitive damages, exemplary damages, fraud penalties, and prejudgment interest). Because Mr. Mooney obtained judgment under both the WFMLA and the FMLA, this Court should apply Washington's post-judgment interest rate similar to the prejudgment interest rate of either **12%** or **6%**, depending on the Court's conclusion as to whether RCW 4.56.110(6) and 19.52.020(1)(a) or RCW 4.56.110(3)(b) applies as discussed above.

### D. The Court Should Award a Gross-Up Adjustment for the Adverse Tax Consequences to Mr. Mooney from the Lump Sum Award.

Recently, in *Clemens v. CenturyLink Inc.*, 874 F.3d 1113 (9th Cir. 2017), the Ninth Circuit held that a district court had the discretion to award a "gross up" adjustment for the adverse tax consequences that a prevailing plaintiff would suffer for receiving a lump sum amount from the jury award. The *Clemens* court noted that the purpose of Title VII was to "make persons whole for injuries suffered on account of unlawful employment discrimination[,]" and that the "any other equitable relief

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 9

**Premier Law Group pllc**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

as the court deems appropriate" language found in Title VII gave district courts "considerable equitable discretion to ensure adequate compensation" was awarded. *Id.* at 1115-16. Because successful Title VII plaintiffs back pay awards are taxable, the "lump-sum award will sometimes push a plaintiff into a higher tax bracket than he would have occupied had he received his pay incrementally over several years." *Id.* at 1116. As a result, the higher taxes "effectively denies him what Title VII promises – full relief that puts [the plaintiff] where he would be had the unlawful employment discrimination never occurred." *Id.* The party seeking the relief bears the burden of proving that an income-tax disparity exists and that the adjustment necessary to rectify the disparity. *Id.* at 1117.

Like the language in Title VII (42 U.S.C. § 2000e-5(g)(1)) authorizing district courts to award "any other equitable relief as the court deems appropriate," the FMLA contains similar equitable language authorizing district courts to award "such equitable relief as may be appropriate[.]" 29 U.S.C. §2617(a)(1)(B). The "FMLA constitutes 'remedial legislation' that 'must be broadly construed in order to give full effect to these purposes." *Bonkowski v. Oberg Industries, Inc.*, 787 F.3d 190, 195 (3rd Cir. 2015) (quoting *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3rd Cir. 2013)).

In *Powell v. North Arkansas College*, No. 08-3042, 2009 WL 1904156, at *2-3 (W.D. Ark. Jul. 1, 2009), the district court held that the plaintiff who prevailed on her FMLA violation claim was entitled to "tax enhancement damages" as a form of equitable relief under the FMLA because she would have to pay increased taxes on her back pay jury award. *Id.* The district court concluded that because the Third Circuit in *Eshelman v. Agere Systems, Inc.*, 554 F.3d 426, 441-42 (3rd Cir. 2009), held that "a district may, pursuant to its broad equitable powers granted by the ADA, award a prevailing employee an additional sum of money to compensate for the increased tax burden a back pay award may create" that the district court could likewise exercise its equitable powers provided for in the FMLA to award additional compensation for the higher tax burden.

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 10

Premier Law Group PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

Like the district court in *Powell*, and based on *Clemens*, this Court has the equitable authority to award a gross-up adjustment for the adverse tax consequences that Mr. Mooney will suffer because of the lump sum payment he will receive. Without the gross-up adjustment, Mr. Mooney will not receive the full compensation that the FMLA and WFMLA allows him to recover because of Defendant's unlawful conduct.

Here, Mr. Brandt states that the lump sum payment to Mr. Mooney for the back pay will result in a significant tax difference between what he would have had to pay had he been paid over a period of years (2020 & 2021) versus what he now has to pay because he is receiving the payment as a lump sum. *See* Brandt Decl., ¶6. Had Mr. Mooney not been wrongfully terminated, and had received his wages in 2020 and 2021, Mr. Mooney's gross taxable income for 2022 would only have been $119,059 and his after-tax income would have been $108,081 based on Mr. Mooney and his wife's estimated 401K distribution of $69,000, plus 85% taxable portion of $58,893 in social security benefits. *See* Schedule 1 to Brandt Decl.

If the Court does award liquidated damages as requested above, Mr. Brandt has calculated that Mr. Mooney's adverse tax consequences on the back pay award to be **$45,382.00** based on a gross taxable income of $504,302 and after-tax income of $390,549 for 2022 which includes the liquidated damages award. *See* Brandt Decl. & Schedule 2, attached therewith. Excluding the liquidated damages award, Mr. Brandt has calculated that Mr. Mooney's adverse tax consequences on the back pay award to be **$27,155.00** based on a gross taxable income of $306,214 and after-tax income of $252,086 for 2022. *See* Brandt Decl. & Schedule 1, attached therewith.

Mr. Mooney would not have had to pay these additional taxes on his wages if he had been paid in the ordinary course of his employment rather than in a lump sum payment. Accordingly, Mr. Mooney requests a gross-up adjustment award of either **$45,382** or **$27,155** to fully compensate him

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 11

**Premier Law Group PLLC**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

on his wage loss claim, depending on whether the Court includes the liquidated damages award as part of the adverse tax consequences.

## **CONCLUSION**

Based on the foregoing arguments above, the Court should award liquidated damages in the amount of either $182,547.95 or $169,930.48, depending on the Court's determination as to which statutory interest rate applies to Mr. Mooney's claims. Defendant failed to meet its burden of proof under the FMLA that its action was undertaken in good faith and that it had reasonable grounds for believing that its action was not a violation of the FMLA. It also failed to prove under the WFMLA that its action was a result of an accident or that a bona fide dispute existed.

Additionally, prejudgment interest in the amount of $22,547.95 or $9,930.48 should also be awarded depending on whether the Court applies the statutory rate of either 12% (per RCW 19.52.020(1)(a)) or 6% (per RCW 4.56.110(3)(b)). Moreover, post-judgment interest at the same rate as the prejudgment interest should also be awarded to the underlying damages award as well as to any subsequent awards granted by the Court, including liquidated damages, pre-judgment interest, gross-up adjustments, attorney's fees and costs. The Court should also exercise its equitable authority and award a gross-up adjustment in the amount of either $45,382 or $27,155.

DATED THIS 28th day of June 2022.

PREMIER LAW GROUP, PLLC

*/s/ Patrick J. Kang*
**Patrick J. Kang,** WSBA #30726
**Kristina Marino,** WSBA #56411
Of Counsel for Plaintiff
1408 140th PL NE
Bellevue, WA 98007
(206) 285-1743
patrick@premierlawgroup.com
kristina@premierlawgroup.com

PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 12

Premier Law Group pllc
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316