Honorable Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD MOONEY,<br><br>  Plaintiff,<br><br>vs.<br><br>ROLLER BEARING COMPANY OF AMERICA, INC., a Delaware corporation,<br><br>  Defendant. | No. 2:20-cv-01030-LK<br><br>DECLARATION OF WILLIAM BRANDT, CPA, IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES<br><br>Note on Calendar: Friday, July 15, 2022 |

William Brandt, who is over the age of 18 and competent to testify herein, and based on his personal knowledge declares under penalty of perjury of the laws of the state of Washington, as follows:

1.　I am a Certified Public Accountant, Certified in Financial Forensics by the American Institute of Certified Public Accountants, and Accredited in Business Valuation. Attached hereto as Exhibit A is my curriculum vitae.

2.　I was engaged by Plaintiff's counsel to analyze the adverse tax consequences to Plaintiff Richard Mooney arising from any lump sum compensation awarded to him by the jury and/or

DECLARATION OF WILLIAM BRANDT, CPA, IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 1

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

court in the above-referenced litigation. It is my understanding that the jury awarded Mr. Mooney $160,000 in back pay based on his annualized gross wages of $100,000 ($8,333.33 per month).

3. I was also asked to calculate the prejudgment interest to Mr. Mooney at the 12% interest rates pursuant to RCW 19.52.020(1)(a) as well as the 2% + prime rate pursuant to RCW 4.56.110(3)(b).

4. My analysis was based on a review of the following information:

- Mr. Mooney's Form 1040 Income Tax Returns for 2020 and 2021.

- Mr. Mooney's Pay Statements from Defendant for January through April 2020.

- Emails and telephone communications with Patrick J. Kang, Counsel for the Plaintiff, regarding the verdict for the above-referenced case, the taxable 401(k) distributions in the amount of $69,000 the Plaintiff and his wife expect to take as a retiree by the end of 2022, and the Liquidated Damages the Plaintiff will be seeking in a Post-Trial Motion.

- Mr. Mooney's October 9, 2021 Benefit Verification Letter from the Social Security Administration.

- Barry Ben-Zion, *Journal of Forensic Economics* 13(3), "Neutralizing the Adverse Tax Consequences of a Lump-Sum Award in Employment Cases," 2000, pp. 233-244.

- Historical information on the Average Majority Prime Rate charged by banks in the U.S. from 2020 – 2022, published by the Federal Reserve Bank.

- Information on Income Tax Rates and Brackets, Personal Exemptions, Exemption Phase-Out Levels and Standard Deductions, published by the Internal Revenue Service.

5. I have used an approach consistent with all of the known literature that I am aware of on the subject of adverse tax awards, as indicated in the peer-reviewed article that I believe is the most-widely cited on the subject of adverse tax consequences, Barry Ben-Zion, *Journal of Forensic Economics* 13(3), "Neutralizing the Adverse Tax Consequences of a Lump-Sum Award in Employment Cases," 2000, pp. 233-244.

DECLARATION OF WILLIAM BRANDT, CPA, IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 2

**Premier Law Group PLLC**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

6.  In an employment claim such as this, lump-sum compensation in the form of back pay to the employee is considered fully-taxable wage income by the IRS in the year received, regardless of the taxability of the underlying wages and other compensation lost. The progressive nature of our income tax structure results in significant differences between taxes Mr. Mooney would have paid on lost earnings over a period of years (in our case 2020 and 2021), but for the subject event, and those Mr. Mooney must pay when losses are aggregated into a lump-sum recovery in a single tax year. The adverse tax adjustment is treated as back pay income that must be taxed itself, thus necessitating a reiterative calculation that treats the adverse tax adjustment as both an input to the calculation of adverse taxes and the output of the calculation.

7.  Schedule 2, attached hereto, shows my calculation of Mr. Mooney's adverse tax consequences that also addresses the income tax Mr. Mooney will have to pay on his back pay award if Mr. Mooney is also awarded liquidated damages, which involves a doubling of his back pay loss and prejudgment interest, if those damages are awarded in 2022, as will be requested in a Post-Trial Motion. My adverse tax consequences calculation on Schedule 2 recognizes that Mr. Mooney has an obligation to pay income tax on his back pay award *and* liquidated damages. It also recognizes, however, that he will pay extra income tax on his lump sum back pay award because of their aggregation with the liquidated damages award. This additional tax burden is a direct result of the change in the timing of taxation of Mr. Mooney's back pay, caused by the wrongdoing of the Defendant, that pushes the back pay and liquidated damages into a higher tax bracket in 2022.[1] Schedule 2 assesses Mr. Mooney's comparative tax burden on his liquidated damages if it had been paid and taxed *without* the additional

---

[1] The lower table on Schedule 2 shows that Mr. Mooney's liquidated damages in 2022 will push his income into the 32% and 35% income tax brackets because of the recognition of his underlying lump-sum Back Pay Award in 2022, rather than the years in which it would have been paid and taxed, but for his Wrongful Termination (see the income tax in the 32% and 35% tax brackets in 2022 in the lower table on Schedule 2). His income, including liquidated damages, would only have breached into the 24% tax bracket in 2022, but for the change in the timing of taxation on his back pay from 2020 and 2021 to 2022 (see the two rightmost columns in the lower table on Schedule 2).

DECLARATION OF WILLIAM BRANDT, CPA, IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES
(No. 2:20-cv-01030-LK) - 3

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

burden of his underlying lump-sum back pay wages in 2022 (that would have been paid and taxed in 2020 and 2021, but for his Wrongful Termination) versus the income tax he must now pay because of the additional burden of his lump-sum back pay award in 2022.

8. The calculations on Schedule 2 indicate that Mr. Mooney will need an additional $45,382 adverse tax award in order to recover the same after-tax income he would otherwise have earned, but for his Wrongful Termination, as highlighted in yellow on Schedule 2, which includes the excess income taxes he must now pay on his liquidated damages award. This reflects only the *excess* tax burden he now faces on his back pay award and liquidated damages, if awarded, beyond the income taxes he would otherwise have to pay on those amounts without the tax burden of the underlying lump-sum back pay (which would otherwise have been paid and taxed in prior years, but for his Wrongful Termination).

9. Schedule 1, attached hereto, is an alternative calculation summarizing Mr. Mooney's income tax liability from 2020 – 2022, both "But For" and "Because of" his Wrongful Termination, which does not include any liquidated damages award. The calculations for each year show Mr. Mooney's taxable income and income taxes, both "But For" and "Because of" his wrongful termination. The "Differences" and "Adjustments" column for each respective year shows the differences in the recognition and timing of Mr. Mooney's taxable income because of his wrongful termination. These differences resulted in income tax liabilities for Mr. Mooney that extended into the 24% income tax bracket in 2022, the year of the Verdict, as indicated in the rightmost column in the lower table on Schedule 1. Income taxes, standard deductions and other allowed deductions (as actually reported by Mr. and Ms. Mooney in their 2020 and 2021 Tax Returns) were applied in these calculations based on the underlying tax tables and rates published by the IRS, as summarized on Schedules 3 and 4, which are also attached hereto.

DECLARATION OF WILLIAM BRANDT, CPA, IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 4

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

10. Even without the inclusion of any liquidated damages award, Mr. Mooney would have to pay income taxes at a higher effective rate due to the lump-sum aggregation of 1.6 years of lost income for 2020 – 21 into a back pay recovery in a single tax year, 2022. Mr. Mooney's adverse tax compensation is also subject to income tax itself, as discussed above. Without the inclusion of any liquidated damages award, Mr. Mooney will need an additional $27,155 adverse tax award to recover the same after-tax income he would otherwise have earned, but for his Wrongful Termination, as highlighted in yellow on Schedule 1. This reflects the additional pre-tax compensation Mr. Mooney will need to fully recover the after-tax income he would otherwise have earned, but for his wrongful termination, as shown in the reconciliation table in the lower section of Schedule 1 (highlighted in yellow).

11. Schedule 5A, which is attached hereto, is a calculation of the prejudgment interest due to Mr. Mooney on his back pay award based a fluctuating interest rate calculated over the loss period at the Prime Rate + 2%, calculated as simple interest on the outstanding amount, consistent with RCW 4.56.110(3)(b). The prime rate according to http://www.federalreserve.gov/releases/h15/data.htm was 3.25% as of April 1, 2020; 3.5% as of April 1, 2022; and 4.0% as of June 1, 2022. These interest rates have been assessed on the outstanding balance of Mr. Mooney's back pay losses between the date of his wrongful termination and the date of the Jury Verdict. Schedule 5A assesses Mr. Mooney's Prejudgment Interest (at prime + 2% rate) on his lost Back Pay to be $9,930.48 based on a fluctuating rate, as shown in Columns H and I.

12. Schedule 5B, which is attached hereto, is a calculation of the prejudgment interest due to Mr. Mooney on his back pay award based on a simple interest rate of 12% consistent with RCW 19.52.020(1)(a). This interest has been assessed on the outstanding balance of Mr. Mooney's back pay losses between the date of his wrongful termination and the date of the Jury Verdict. Schedule 5B

DECLARATION OF WILLIAM BRANDT, CPA, IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES (No. 2:20-cv-01030-LK) - 5

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

assesses Mr. Mooney's Prejudgment Interest (at 12% rate) on his lost Back Pay to be $22,547.95, as shown in Columns H and I.

DATED THIS 28th day of June 2022 in Bainbridge Island, Washington.

_____
William Brandt, CPA, ABV, CFE, MBA

DECLARATION OF WILLIAM BRANDT, CPA, IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER/AMEND THE JUDGMENT TO INCLUDE AN AWARD OF LIQUDATED DAMAGES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND GROSS-UP ADJUSTMENT FOR ADVERSE TAX CONSEQUENCES
(No. 2:20-cv-01030-LK) - 6

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

## Adverse Taxes on Lump-Sum Back Pay Alone — Schedule 1
### Richard P. Mooney

| | 2020 | | | 2021 | | | 2022 | | |
|---|---|---|---|---|---|---|---|---|---|
| | But For WT | Differences | Because of WT | But For WT | Differences | Because of WT | But For WT | Adjustments | Because of WT |
| Wages | $40,580 | | $40,580 | | | $0 | $0 | | $0 |
| Other Taxable Income | [1]$51,788 | | [1]$51,788 | [1]$49,400 | | [1]$49,400 | [3]$119,059 | | $119,059 |
| Taxable Back Pay | [2]$60,000 | ($60,000) | $0 | [2]$100,000 | ($100,000) | $0 | | [2]$160,000 | $160,000 |
| Adverse Tax Adjustment | | | | | | | | [5]$27,155 | $27,155 |
| Gross Taxable Income | $152,368 | | $92,368 | $149,400 | | $49,400 | $119,059 | | $306,214 |
| Income Tax (Below) | $19,067 | | $7,398 | $18,115 | | $2,121 | $10,979 | | $54,128 |
| After-Tax Income | $111,788 | | $51,788 | $131,285 | | $47,279 | $108,081 | | $252,086 |

**Pre-Tax Adverse Tax Adj. of [5]$27,155 (Above) Allows Plaintiff to Recover After-Tax Income, But For Wrongful Termination (Per Below):**

Summary of After-Tax Income (Per Above)

| | But For WT | Because of WT | Difference |
|---|---|---|---|
| 2020 | $111,788 | $51,788 | $60,000 |
| 2021 | $131,285 | $47,279 | $84,006 |
| 2022 | $108,081 | $252,086 | ($144,006) |
| Difference Must = $0 → | $351,154 | $351,154 | [5]$0 |

A Pre-Tax Adverse Tax Adjustment of $27,155, above, allows Plaintiff to fully recover 2020-22 After-Tax Income, But For Termination, $351,154, as shown at right.

### Income Tax Calculations on Taxable Gross Income (Above):

| | 2020 | | | 2021 | | | 2022 | | |
|---|---|---|---|---|---|---|---|---|---|
| Net Taxable Income: | Tax Bracket Break Points | But For WT | Because of WT | Tax Bracket Break Points | But For WT | Because of WT | Tax Bracket Break Points | But For WT | Because of WT |
| Gross Taxable Inc (Above) | | $152,368 | $92,368 | | $149,400 | $49,400 | | $119,059 | $306,214 |
| Standard Deduction (Sch 3) | | ($27,400) | ($27,400) | | ($27,800) | ($27,800) | | ($28,700) | ($28,700) |
| Other Allowed Deductions | | ($29) | ($29) | | ($611) | ($611) | | ($611) | ($611) |
| Net Taxable Income | | $124,939 | $64,939 | | $120,989 | $20,989 | | $89,748 | $276,903 |
| **Income Tax by Bracket:[4]** | | | | | | | | | |
| 10.0% Bracket: (Sch 3) | $19,750 | $1,975 | $1,975 | $19,900 | $1,990 | $1,990 | $20,550 | $2,055 | $2,055 |
| 12.0% Bracket: (Sch 3) | $80,250 | $7,260 | $5,423 | $81,050 | $7,338 | $131 | $83,550 | $7,560 | $7,560 |
| 22.0% Bracket: (Sch 3) | $171,050 | $9,832 | $0 | $172,750 | $8,787 | $0 | $178,150 | $1,364 | $20,812 |
| 24.0% Bracket: (Sch 3) | $326,600 | $0 | $0 | $329,850 | $0 | $0 | $340,100 | $0 | $23,701 |
| Income Tax | | $19,067 | $7,398 | | $18,115 | $2,121 | | $10,979 | $54,128 |

[1] Reflects actual "Adjusted Gross Income" per the Plaintiff's actual 2020 and 2021 Income Tax Returns, other than wages & unemployment benefits (if any).
[2] Reflects back pay as awarded by Jury: $60,000 for 2020 and $100,000 for 2021, awarded in 2022.
[3] Includes a $60,000 401K distribution Plaintiff will take for home improvements, $9,000 his wife has drawn plus 85% taxable portion of $58,893 Social Security Benefits
[4] Reflects calculated income tax (e.g., 2022 "Because of WT" = $20,550.00 x 10% + $63,000.00 x 12% + $94,600.00 x 22% + $98,753.14 x 24% = $54,128)
[5] A Pre-Tax Adverse Tax Adjustment of $27,155 is required to yield After-Tax Income the Plaintiff would have earned, but for his Wrongful Termination.


BRANDT FORENSIC ECONOMICS

**Adverse Taxes on Lump-Sum Back Pay & Excess Tax on Liquidated Damages**  **Schedule 2**
**Richard P. Mooney**

| | 2020 | | | 2021 | | | 2022 | | |
|---|---|---|---|---|---|---|---|---|---|
| | But For WT | Differences | Because of WT | But For WT | Differences | Because of WT | But For WT | Adjustments | Because of WT |
| Wages | $40,580 | | $40,580 | | | $0 | $0 | | $0 |
| Other Taxable Income | [1]$51,788 | | [1]$51,788 | [1]$49,400 | | [1]$49,400 | [3]$119,059 | | $119,059 |
| Taxable Back Pay | [2]$60,000 | ($60,000) | $0 | [2]$100,000 | ($100,000) | $0 | | [2]$160,000 | $160,000 |
| Addnl Liquidated Damages | | | | | | | [4]$179,861 | | [4]$179,861 |
| Adverse Tax Adjustment | | | | | | | | [6]$45,382 | $45,382 |
| Gross Taxable Income | $152,368 | | $92,368 | $149,400 | | $49,400 | $298,920 | | $504,302 |
| Income Tax (Below) | $19,067 | | $7,398 | $18,115 | | $2,121 | $52,377 | | $113,753 |
| After-Tax Income | $111,788 | | $51,788 | $131,285 | | $47,279 | $246,543 | | $390,549 |

**Pre-Tax Adverse Tax Adj. of [6]$45,382 (Above) Allows Plaintiff to Recover After-Tax Income, But For Wrongful Termination (Per Below):**

| | Summary of After-Tax Income (Per Above) | | |
|---|---|---|---|
| | But For WT | Because of WT | Difference |
| 2020 | $111,788 | $51,788 | $60,000 |
| 2021 | $131,285 | $47,279 | $84,006 |
| 2022 | $246,543 | $390,549 | ($144,006) |
| Difference Must = $0 → | $489,616 | $489,616 | [6]$0 |

A Pre-Tax Adverse Tax Adjustment of $45,382, above, allows Plaintiff to fully recover 2020-22 After-Tax Income, But For Termination, $489,616, as shown at right.

**Income Tax Calculations on Taxable Gross Income (Above):**

| | 2020 | | | 2021 | | | 2022 | | |
|---|---|---|---|---|---|---|---|---|---|
| Net Taxable Income: | Tax Bracket Break Points | But For WT | Because of WT | Tax Bracket Break Points | But For WT | Because of WT | Tax Bracket Break Points | But For WT | Because of WT |
| Gross Taxable Inc (Above) | | $152,368 | $92,368 | | $149,400 | $49,400 | | $298,920 | $504,302 |
| Standard Deduction (Sch 3) | | ($27,400) | ($27,400) | | ($27,800) | ($27,800) | | ($28,700) | ($28,700) |
| Other Allowed Deductions | | ($29) | ($29) | | ($611) | ($611) | | ($611) | ($611) |
| Net Taxable Income | | $124,939 | $64,939 | | $120,989 | $20,989 | | $269,609 | $474,991 |
| **Income Tax by Bracket:[5]** | | | | | | | | | |
| 10.0% Bracket: (Sch 3) | $19,750 | $1,975 | $1,975 | $19,900 | $1,990 | $1,990 | $20,550 | $2,055 | $2,055 |
| 12.0% Bracket: (Sch 3) | $80,250 | $7,260 | $5,423 | $81,050 | $7,338 | $131 | $83,550 | $7,560 | $7,560 |
| 22.0% Bracket: (Sch 3) | $171,050 | $9,832 | $0 | $172,750 | $8,787 | $0 | $178,150 | $20,812 | $20,812 |
| 24.0% Bracket: (Sch 3) | $326,600 | $0 | $0 | $329,850 | $0 | $0 | $340,100 | $21,950 | $38,868 |
| 32.0% Bracket: (Sch 3) | $414,700 | $0 | $0 | $418,850 | $0 | $0 | $431,900 | $0 | $29,376 |
| 35.0% Bracket: (Sch 3) | $622,050 | $0 | $0 | $628,300 | $0 | $0 | $647,850 | $0 | $15,082 |
| Income Tax | | $19,067 | $7,398 | | $18,115 | $2,121 | | $52,377 | $113,753 |

[1] Reflects actual "Adjusted Gross Income" per the Plaintiff's actual 2020 and 2021 Income Tax Returns, other than wages & unemployment benefits (if any).
[2] Reflects back pay as awarded by Jury: $60,000 for 2020 and $100,000 for 2021, awarded in 2022.
[3] Includes a $60,000 401K distribution Plaintiff will take for home improvements, $9,000 his wife has drawn plus 85% taxable portion of $58,893 Social Security Benefits
[4] Adds liquidated back pay adjustment, $160,000 + doubled prejudgment interest, $19,861, per Sch 5A, on taxes "Because of" v. "But For" Wrongful Termionation.
[5] Calculated inc. tax (e.g., 2022 "Because of WT" = $20,550 x 10% + $63,000 x 12% + $94,600 x 22% + $161,950 x 24% + $91,800 x 32% + $43,091 x 35% = $113,753)
[6] A Pre-Tax Adverse Tax Adjustment of $45,382 is required to yield After-Tax Income the Plaintiff would have earned, but for his Wrongful Termination.


BRANDT FORENSIC ECONOMICS

**Federal Income Tax Brackets**　　　　　　　　　　　　　　　　　　　Schedule 3
**Richard P. Mooney**
**Date of Loss: May 26, 2020**
*Based on Actual Tax Rates & Brackets through 2022; projections thereafter.*

|  | Tax Bracket | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
|  | 1 | 2 | 3 | 4 | 5 | 6 | 7 |

Tax Bracket Rates (Year of Change):

| Year | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 2018 | 10.0% | 12.0% | 22.0% | 24.0% | 32.0% | 35.0% | 37.0% |

Maximum Annual Income Within Tax Bracket (filing as Married Filing Jointly):

| Year | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 2020 | $19,750 | $80,250 | $171,050 | $326,600 | $414,700 | $622,050 | NA |
| 2021 | $19,900 | $81,050 | $172,750 | $329,850 | $418,850 | $628,300 | NA |
| 2022 | $20,550 | $83,550 | $178,150 | $340,100 | $431,900 | $647,850 | NA |



**Tax Deductions/Exemptions**  Schedule 4
**Richard P. Mooney**
**Date of Loss: May 26, 2020**

*Note: The purpose of this schedule is to project the tax exemptions & deductions on Mr. Mooney's annual income tax returns. It is required in order to determine the appropriate tax brackets for Mr. Mooney's lost and residual income.*

|  | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
|  | Standard or Itemized Deductions | | | Exemptions | | Net Basic |
|  | Standard or Actual Deductions | Age 65 Adjustments | Adjusted Deductions[1] | Per Exemption[2] | # Exemptions | Adjustments to Taxable Income |
|  | (IRS) | (IRS) | [1](A + B) | (IRS) | (HH Comp) | (A + B x C) |
| 2020 | ($24,800) | ($2,600) | ($27,400) | $0 | 2 | ($27,400) |
| 2021 | ($25,100) | ($2,700) | ($27,800) | $0 | 2 | ($27,800) |
| 2022 | ($25,900) | ($2,800) | ($28,700) | $0 | 2 | ($28,700) |

[1] Refelcts the lesser of itemized deductions or the standard deduction *including* age 65 adjustments.
[2] Exemptions were eliminated in 2018 with enactment of the Tax Cuts & Jobs Act.



**Pre-Judgment Interest, Prime + 2%**  
**Richard P. Mooney**  
**Date of Loss: May 26, 2020**

**Schedule 5A**

| | | |
|---|---|---|
| Wrongful Termination (Approx) | May 2020 | |
| First Lost Wage Payment: | 5/31/2020 | |
| Valuation Date: | 4/15/2022 | (Date of Judgment) |
| Interest Rate Effective 4/1/2020 | ¹5.25% | (FRB, Beginning-of-Month Prime + 2%) |
| Daily Interest Rate: | 0.0144% | (5.25% ÷ 365 days/year) |
| Interest Rate Effective 4/1/2022 | ¹5.50% | (FRB, Beginning-of-Month Prime + 2%) |
| Daily Interest Rate: | 0.0151% | (5.50% ÷ 365 days/year) |
| Interest Rate Effective 6/1/2022 | ¹6.00% | (FRB, Beginning-of-Month Prime + 2%) |
| Daily Interest Rate: | 0.0164% | (6.00% ÷ 365 days/year) |

| A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|
| | Lost Back Pay per Unadjusted Award | | | | | |
| Effective Date | Award | Mitigation | Net Loss | Cumulative Net Loss Excluding Interest | Interest Factor | # Days Before Next Trans/ Rate Chg | Prejudgement Interest | Cumulative Prejudgement Interest |
| (Sch. 0) | (Sch. 0, Col E) | (NA) | (B + C) | (Cumulative, D) | (Above) | (# Days to Next Row, Col A) | (E x F x G) | (Cumulative, H) |
| 5/1/2020 Initial Daily Rate | | | | | 0.0144% | | | |
| 5/31/2020 | $1,666.73 | | $1,666.73 | $1,666.73 | 0.0144% | 30 | 7.19 | 7.19 |
| 6/30/2020 | $8,333.33 | | $8,333.33 | $10,000.06 | 0.0144% | 31 | 44.59 | 51.78 |
| 7/31/2020 | $8,333.33 | | $8,333.33 | $18,333.39 | 0.0144% | 31 | 81.75 | 133.53 |
| 8/31/2020 | $8,333.33 | | $8,333.33 | $26,666.72 | 0.0144% | 30 | 115.07 | 248.60 |
| 9/30/2020 | $8,333.33 | | $8,333.33 | $35,000.05 | 0.0144% | 31 | 156.06 | 404.66 |
| 10/31/2020 | $8,333.33 | | $8,333.33 | $43,333.38 | 0.0144% | 30 | 186.99 | 591.65 |
| 11/30/2020 | $8,333.33 | | $8,333.33 | $51,666.71 | 0.0144% | 31 | 230.38 | 822.02 |
| 12/31/2020 | $8,333.33 | | $8,333.33 | $60,000.04 | 0.0144% | 31 | 267.53 | 1,089.56 |
| | | | | | Total for 2020 → $1,089.56 | | | |
| 1/31/2021 | $8,333.33 | | $8,333.33 | $68,333.37 | 0.0144% | 28 | 275.21 | 1,364.76 |
| 2/28/2021 | $8,333.33 | | $8,333.33 | $76,666.70 | 0.0144% | 31 | 341.85 | 1,706.61 |
| 3/31/2021 | $8,333.33 | | $8,333.33 | $85,000.03 | 0.0144% | 30 | 366.78 | 2,073.39 |
| 4/30/2021 | $8,333.33 | | $8,333.33 | $93,333.36 | 0.0144% | 31 | 416.16 | 2,489.56 |
| 5/31/2021 | $8,333.33 | | $8,333.33 | $101,666.69 | 0.0144% | 30 | 438.70 | 2,928.26 |
| 6/30/2021 | $8,333.33 | | $8,333.33 | $110,000.02 | 0.0144% | 31 | 490.48 | 3,418.74 |
| 7/31/2021 | $8,333.33 | | $8,333.33 | $118,333.35 | 0.0144% | 31 | 527.64 | 3,946.37 |
| 8/31/2021 | $8,333.33 | | $8,333.33 | $126,666.68 | 0.0144% | 30 | 546.58 | 4,492.95 |
| 9/30/2021 | $8,333.33 | | $8,333.33 | $135,000.01 | 0.0144% | 31 | 601.95 | 5,094.90 |
| 10/31/2021 | $8,333.33 | | $8,333.33 | $143,333.34 | 0.0144% | 30 | 618.49 | 5,713.39 |
| 11/30/2021 | $8,333.33 | | $8,333.33 | $151,666.67 | 0.0144% | 31 | 676.27 | 6,389.66 |
| 12/31/2021 | $8,333.33 | | $8,333.33 | $160,000.00 | 0.0144% | 91 | 2,094.25 | 8,483.91 |
| | | | | | Total for 2021 → $7,394.35 | | | |
| 4/1/2022 Rate Change | | | | $160,000.00 | 0.0151% | 60 | 1,446.58 | 9,930.48 |
| 5/31/2022 Date of Judgment | | | | $160,000.00 | 0.0151% | | | |
| 6/1/2022 Rate Change | | | | $160,000.00 | 0.0164% | | | |
| | | | | | Total for 2022 → $1,446.58 | | | |
| **Total** | **$160,000.00** | **$0.00** | **$160,000.00** | | | | **9,930.48** | **9,930.48** |

¹ Prejudgment interest rate to be applied on a simple basis, consistent with RCW 4.56.110(3)(b), per instructions from Claimant's Counsel. Prime rate per FRB: http://www.federalreserve.gov/releases/h15/data.htm.

**BRANDT FORENSIC ECONOMICS**

# Pre-Judgment Interest, 12% Simple Rate
# Richard P. Mooney
# Date of Loss: May 26, 2020

**Schedule 5B**

| | | |
|---|---|---|
| Wrongful Termination (Approx) | May 2020 | |
| First Lost Wage Payment: | 5/31/2020 | |
| Valuation Date: | 4/15/2022 | (Date of Judgment) |
| Interest Rate Effective 4/1/2020 | ¹12.00% | |
| Daily Interest Rate: | 0.0329% | (12.00% ÷ 365 days/year) |

| A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|
| | Lost Back Pay per Unadjusted Award | | | | | # Days Before Next Trans/ Rate Chg | Prejudge-ment Interest | Cumula-tive Prejudge-ment Interest |
| Effective Date | Award | Mitigation | Net Loss | Cumulative Net Loss Excluding Interest | Interest Factor | | | |
| (Sch. 0) | (Sch. 0, Col E) | (NA) | (B + C) | (Cumulative, D) | (Above) | (# Days to Next Row, Col A) | (E x F x G) | (Cumulative, H) |
| 5/1/2020 | Initial Daily Rate | | | | 0.0329% | | | |
| 5/31/2020 | $1,666.73 | | $1,666.73 | $1,666.73 | 0.0329% | 30 | 16.44 | 16.44 |
| 6/30/2020 | $8,333.33 | | $8,333.33 | $10,000.06 | 0.0329% | 31 | 101.92 | 118.36 |
| 7/31/2020 | $8,333.33 | | $8,333.33 | $18,333.39 | 0.0329% | 31 | 186.85 | 305.21 |
| 8/31/2020 | $8,333.33 | | $8,333.33 | $26,666.72 | 0.0329% | 30 | 263.01 | 568.22 |
| 9/30/2020 | $8,333.33 | | $8,333.33 | $35,000.05 | 0.0329% | 31 | 356.71 | 924.93 |
| 10/31/2020 | $8,333.33 | | $8,333.33 | $43,333.38 | 0.0329% | 30 | 427.40 | 1,352.33 |
| 11/30/2020 | $8,333.33 | | $8,333.33 | $51,666.71 | 0.0329% | 31 | 526.58 | 1,878.91 |
| 12/31/2020 | $8,333.33 | | $8,333.33 | $60,000.04 | 0.0329% | 31 | 611.51 | 2,490.42 |
| | | | | | Total for 2020 → | | $2,490.42 | |
| 1/31/2021 | $8,333.33 | | $8,333.33 | $68,333.37 | 0.0329% | 28 | 629.04 | 3,119.46 |
| 2/28/2021 | $8,333.33 | | $8,333.33 | $76,666.70 | 0.0329% | 31 | 781.37 | 3,900.83 |
| 3/31/2021 | $8,333.33 | | $8,333.33 | $85,000.03 | 0.0329% | 30 | 838.36 | 4,739.18 |
| 4/30/2021 | $8,333.33 | | $8,333.33 | $93,333.36 | 0.0329% | 31 | 951.23 | 5,690.42 |
| 5/31/2021 | $8,333.33 | | $8,333.33 | $101,666.69 | 0.0329% | 30 | 1,002.74 | 6,693.16 |
| 6/30/2021 | $8,333.33 | | $8,333.33 | $110,000.02 | 0.0329% | 31 | 1,121.10 | 7,814.25 |
| 7/31/2021 | $8,333.33 | | $8,333.33 | $118,333.35 | 0.0329% | 31 | 1,206.03 | 9,020.28 |
| 8/31/2021 | $8,333.33 | | $8,333.33 | $126,666.68 | 0.0329% | 30 | 1,249.32 | 10,269.60 |
| 9/30/2021 | $8,333.33 | | $8,333.33 | $135,000.01 | 0.0329% | 31 | 1,375.89 | 11,645.49 |
| 10/31/2021 | $8,333.33 | | $8,333.33 | $143,333.34 | 0.0329% | 30 | 1,413.70 | 13,059.18 |
| 11/30/2021 | $8,333.33 | | $8,333.33 | $151,666.67 | 0.0329% | 31 | 1,545.75 | 14,604.94 |
| 12/31/2021 | $8,333.33 | | $8,333.33 | $160,000.00 | 0.0329% | 91 | 4,786.85 | 19,391.79 |
| | | | | | Total for 2021 → | | $16,901.37 | |
| 4/1/2022 | Rate Change | | | $160,000.00 | 0.0329% | 60 | 3,156.16 | 22,547.95 |
| 5/31/2022 | Date of Judgment | | | $160,000.00 | 0.0329% | | | |
| 6/1/2022 | Rate Change | | | $160,000.00 | 0.0329% | | | |
| | | | | | Total for 2022 → | | $3,156.16 | |
| **Total** | **$160,000.00** | **$0.00** | **$160,000.00** | | | | **22,547.95** | **22,547.95** |

¹ Prejudgment interest rate has been applied at 12% simple interesrt, per instructions from Claimant's Counsel.

