UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD MOONEY,<br><br>                Plaintiff,<br><br>   v.<br><br>ROLLER BEARING COMPANY OF AMERICA, INC.,<br><br>                Defendant. | CASE NO. 2:20-cv-01030-LK<br><br>SUPPLEMENTAL ORDER REGARDING MOTION TO AMEND THE JUDGMENT |

      This matter comes before the Court on Plaintiff Richard Mooney's motion pursuant to Federal Rule of Civil Procedure Rule 59(e) to alter/amend the judgment to include an award of: (1) liquidated damages, (2) prejudgment interest, (3) post-judgment interest, and (4) a gross up adjustment for adverse tax consequences. Dkt. No. 130. The Court granted that motion in part, denied it in part, and requested supplemental briefing regarding the appropriate amount of prejudgment interest and the gross up adjustment. *See generally* Dkt. No. 157. Having reviewed the parties' subsequent joint supplemental brief, Dkt. No. 159, the Court now addresses those two

SUPPLEMENTAL ORDER REGARDING MOTION TO AMEND THE JUDGMENT - 1

issues as well as Mooney's request for a supplemental award for non-taxable costs for his expert's supplemental calculations.

A.  **Prejudgment Interest**

In its prior order, the Court awarded Mooney prejudgment interest and found that the prejudgment interest rate under the 28 U.S.C. § 1961 at a fluctuating rate was appropriate. Dkt. No. 157 at 9–12. Because Mooney's filings did not calculate prejudgment interest at any federal rate, the Court ordered him "to recalculate the prejudgment interest on the jury's award under 28 U.S.C. § 1961 at a fluctuating T-Bill rate from his first lost wage payment until the judgment was entered." *Id.* at 12. After Mooney did so, the parties were required to meet and confer to attempt to reach agreement and to file their respective positions if they could not agree. *Id.*

The parties' subsequent joint filing stated,

> The parties stipulate and agree that the Court should adopt Plaintiff's economist expert's (Mr. William Brandt's) recalculations regarding . . . the prejudgment interest amount based on the jury's award, applying 28 U.S.C. §1961 at a fluctuating T-Bill rate from May 13, 2020 (the date of Mr. Mooney's first lost wage payment) until June 2, 2022 (the date judgment was entered).

Dkt. No. 159 at 1. They agree that the amount of prejudgment interest should be $1,037.78 as calculated by Mr. Brandt. *Id.* at 2; Dkt. No. 159-1 at 2, 6–7, 12–37 (Mr. Brandt's supplemental declaration and report). The Court agrees with the parties and awards Mooney $1,037.78 in prejudgment interest.

B.  **Gross Up for Taxes**

In its prior order, the Court also awarded Mooney an adjustment of his damages for the adverse tax consequences he will experience from receiving a lump sum award of back pay as awarded by the jury. Dkt. No. 157 at 14–18. The Court denied his request to gross up his liquidated damages award. *Id.* at 18. The Court also requested supplemental briefing because Mr. Brandt's calculations of Mooney's adverse tax consequences relied on Mooney's tax outlook for 2022 but

1    the Court issued its Order awarding the gross up in 2023. *Id.* (requesting supplemental briefing

2    from the parties regarding the proper calculation based on Mooney's tax situation in 2023).

3        The parties' joint supplemental brief states that "[t]he amount to be adopted by the Court

4    for the adverse tax consequence should be $20,705[.]" Dkt. No. 159 at 1–2; Dkt. No. 159-1 at 2,

5    5–11 (Mr. Brandt's supplemental declaration and report). The Court agrees with the parties and

6    awards Mooney $20,705 to offset the adverse tax consequences he will experience from receiving

7    a lump sum award of back pay as awarded by the jury.

8    **C.    Supplemental Award of Non-taxable Costs**

9        The Court previously granted in part and denied in part Mooney's motion for non-taxable

10   costs. Dkt. No. 158 at 24–30; Dkt. No. 123 (motion). As relevant here, the Court awarded

11   $4,257.50 for the cost of obtaining Mr. Brandt's original opinions regarding pre- and post-

12   judgment interest and a gross up of Mooney's award. Dkt. No. 158 at 27. The Court explained that

13   an expert opinion was reasonably obtained on the "complex financial issue[s]" of prejudgment

14   interest and the gross up. *Id.* (citing Fed. R. Evid. 702).

15       In the parties joint filing, Mooney requests "a supplemental award for nontaxable costs in

16   the amount of $2,117.50 for Mr. Brandt's supplemental calculations" of prejudgment interest and

17   the gross up adjustment. Dkt. No. 159 at 2. RBC did not address or oppose that request. Mr. Brandt

18   has filed a declaration stating that he has billed Mooney $2,117.50 for the time spent recalculating

19   those two amounts. Dkt. No. 159-1 at 2; *see also id.* at 39 (invoice). Mr. Brandt's declaration and

20   invoice adequately document the expenses. And the Court finds that as before, the costs of Mr.

21   Brandt's complex financial calculations and opinions were reasonable incurred. The Court thus

22   awards $2,117.50 for the cost incurred for Mr. Brandt's supplemental calculations.

23       For the foregoing reasons, the Court GRANTS the previously deferred portion of the

24   motion to alter/amend the judgment, Dkt. No. 130, and awards Mooney $1,037.78 in prejudgment

SUPPLEMENTAL ORDER REGARDING MOTION TO AMEND THE JUDGMENT - 3

interest, $20,705 to offset his adverse tax consequences, and $2,117.50 in additional non-taxable costs. The Clerk is directed to issue an amended judgment that includes the amounts in this Order and the Court's prior orders. Dkt. Nos. 157, 158.

Dated this 29th day of November, 2023.

*Lauren King*

Lauren King
United States District Judge

SUPPLEMENTAL ORDER REGARDING MOTION TO AMEND THE JUDGMENT - 4