UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD MOONEY,<br><br>                    Plaintiff,<br><br>     v.<br><br>ROLLER BEARING COMPANY OF AMERICA, INC.,<br><br>                    Defendant. | CASE NO. 2:20-cv-01030-LK<br><br>ORDER GRANTING MOTION TO APPROVE BOND AND STAY EXECUTION OF THE JUDGMENT |

    This matter comes before the Court on Defendant Roller Bearing Company of America's motion to (1) approve its supersedeas bond, (2) set aside the writ of garnishment Plaintiff Richard Mooney obtained in *Mooney v. Roller Bearing Company of America Inc.*, 2:24-mc-00002-LK (the "Garnishment Action") and authorize the garnishee to return the garnished funds to RBC, and (3) stay execution of the judgment in this case pending resolution of the parties' appeals to the Ninth Circuit Court of Appeals. Dkt. No. 176 at 1–2.

## I. BACKGROUND

After a four-day trial, the jury rendered its verdict and awarded Mooney $160,000 in damages as the reasonable value of wages, salary, and employment benefits he lost through December 31, 2021. Dkt. No. 115 at 2. The Court entered judgment on June 2, 2022. Dkt. No. 116. Following post-trial motions, the Court issued an amended judgment on December 4, 2023, reflecting the Court's award of liquidated damages, a gross-up for taxes, attorney's fees, costs, and prejudgment interest for a total judgment amount of $734,781.13, plus post-judgment interest at the federal rate pursuant to 28 U.S.C. § 1961. Dkt. No. 166 at 1–2.

RBC filed an appeal, Dkt. No. 160, and Mooney filed a cross appeal, Dkt. No. 162. Their appeals are pending before the Ninth Circuit Court of Appeals. Nos. 23-3552, 23-3683 (9th Cir. *appeal docketed* Nov. 16, 2023).

On January 16, 2024, Mooney initiated a garnishment action, filing an application for a writ of garnishment directed to Wells Fargo Bank, N.A. to garnish RBC's funds in Wells Fargo's possession. Garnishment Action, Dkt. No. 1 at 1–2.[1] The Court denied the application for writ of garnishment based on several shortcomings in the application. Garnishment Action, Dkt. No. 2 at 2. Mooney filed an amended application, which the Court denied based on another error. *Id.*, Dkt. Nos. 3–4. Mooney filed a second amended application, and the Court granted that application on January 29, 2024. *Id.*, Dkt. Nos. 5–6. The writ of garnishment stated that RBC was indebted to Mooney in the amount of $759,756.88, consisting of the amended judgment amount plus post-judgment interest to the date of the garnishment application. *Id.*, Dkt. No. 7 at 1–2. The writ was served on Wells Fargo on January 30, 2024, and mailed to RBC at its corporate office in Connecticut on January 30, 2024. *Id.*, Dkt. No. 8 at 2; *Id.*, Dkt. No. 9 at 1–2, 5–6.

---

[1] Mooney initially filed a motion for a writ of garnishment in this case, which the Court struck because this case is closed and an application for a writ of garnishment must be filed as a miscellaneous case. Dkt. Nos. 174, 175.

On January 31, 2024, RBC's counsel learned that $759,756.88 had been withdrawn from RBC's account pursuant to the writ. Dkt. No. 177 at 2. On the same day, RBC obtained a supersedeas bond, with Mooney as the obligee, in the amount of $1,139,164.00. *Id.* at 1; Dkt. No. 177-1 at 2–3. The amount of the bond is approximately 150% of the current total judgment.[2]

RBC's counsel attempted to contact Mooney's counsel to discuss the matter, but that effort was unsuccessful, and RBC filed this motion on February 1, 2024. Dkt. No. 176 at 3–4; Dkt. No. 177 at 2–3.[3] Mooney's response to the motion addresses only RBC's argument that the writ should be vacated because Mooney failed to serve it on RBC before serving it on Wells Fargo. *See* Dkt. No. 180 at 2–3; *see also id.* at 1 ("Mooney has no opinions regarding whether Defendant's supersedeas bond should be approved" but "to the extent that Defendant requests that the writ be set aside because Mr. Mooney supposedly did not give Defendant statutory notice, this argument should be rejected because Defendant did receive notice of the writ of garnishment in accordance with RCW 6.27.130(1)").

## II. DISCUSSION

**A.   The Court Approves the Supersedeas Bond and Stays Execution of the Judgment**

Under Federal Rule of Civil Procedure 62, "[at] any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond . . . and remains in effect for the time specified in the bond[.]" Fed. R. Civ. P. 62(b). Where, as here, the matter is on appeal, the appellant ordinarily must seek a stay and approval of the bond from the district court. Fed. R. App. P. 8(a)(1)(A)–(B); *see also Cherry v. Prudential Ins. Co. of Am.*, No. C21-0027-MJP, 2022 WL 3925304, at *5 (W.D. Wash. Aug. 30,

---

[2] RBC states that the bond amount is equal to 150% of the current total judgment, Dkt. No. 177 at 1, but the amount of the bond is a few hundred dollars shy of that mark—a distinction that does not affect the outcome here.

[3] RBC also filed a motion for expedited consideration of its motion, Dkt. No. 178, which the Court denied, Dkt. No. 179.

2022) ("A party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond" in accordance with Federal Rule of Civil Procedure 62(b). (cleaned up)); *see also ACLU of Nev. v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012).

The purpose of a supersedeas bond is to protect prevailing parties from the risk of a later uncollectible judgment and compensate them for any loss resulting from the stay of execution. *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (per curiam). The amount of the supersedeas bond is within the Court's discretion. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("District courts have inherent discretionary authority in setting supersedeas bonds[.]"); *see also Trautt v. Keystone RV Co.*, No. 2:19-cv-00342-RAJ, 2021 WL 4860810, at *1 (W.D. Wash. Oct. 19, 2021). "Courts, exercising their discretion, have found bonds equal to 125% and up to 150% of the judgment to be sufficient to protect plaintiff's interest, damages from delay, and costs pending appeal." *Trautt*, 2021 WL 4860810, at *2 (collecting cases); *see also* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2905 (3d ed. Apr. 2023 Update) ("Although the amount of the bond usually will be set in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay, the courts have inherent power—formerly stated in Rule 73(d)—to provide for a bond in a lesser amount[.]" (footnote omitted)).

Here, the Court finds that a supersedeas bond equal to nearly 150% of the judgment is sufficient to address interest, costs, and damage from the delay pending appeal and mitigate the effects of deprivation of the immediate benefits of the judgment on Mooney. *See Westphal*, 859 F.2d at 819. A supersedeas bond in the amount of $1,139,164.00 is thus sufficient to support the stay, and the Court grants RBC's motion to approve its bond in that amount.

Now that the Court has approved RBC's bond, RBC is entitled to a stay of execution of the judgment pending resolution of the appeals.

### B. The Court Vacates the Writ of Garnishment as Moot

RBC seeks an order "setting aside the improperly obtained writ of garnishment and authorizing the garnishee to return the funds it debited from RBC's account in response to the deficient writ[.]" Dkt. No. 176 at 1–2. RBC avers that Mooney "fail[ed] to comply with the statutory notice requirements for obtaining and executing such a writ." *Id.* at 5. RBC's argument is based on a mistaken belief that Mooney was required to serve RBC before the writ was issued, but advance service is not required. Dkt. No. 176 at 5–6 (citing Wash. Rev. Code § 6.27.130(b) [sic]). Mooney was required to mail the writ to RBC after it was issued, and he did so. *See Mooney*, 2:24-mc-00002-LK, Dkt. No. 9 at 1–2, 4–6; *see also* Wash. Rev. Code § 6.27.130(1), (3).[4] Therefore, RBC is incorrect that the writ was improperly issued.

RBC's better argument is that its "supersedeas bond moots the need for any further collection" efforts. Dkt. No. 176 at 6. Mooney did not respond to that argument or to RBC's request for an order directing Wells Fargo to return the funds debited from RBC's account. *Id.*; *see generally* Dkt. No. 180. Now that the Court has approved RBC's bond, further collection efforts through the garnishment action are unwarranted. Moreover, Washington law mandates discharging the writ now that RBC has filed a bond "with sufficient sureties" in this action and the Court has approved the bond. Wash. Rev. Code § 6.27.180. Therefore, the Court grants RBC's motion to discharge the writ and order Wells Fargo to return the funds, and the Court will issue an order to that effect in the garnishment action.

Finally, the Court would be remiss in failing to note the glaring lack of cooperation and professional courtesy demonstrated by Mooney's counsel in this matter. Mooney's counsel

---

[4] Unless a federal statute states otherwise, a federal writ of garnishment is governed by the law of the state in which the district court sits. *See, e.g.*, *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996); Fed. R. Civ. P. 69(a)(1) ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located[.]").

ORDER GRANTING MOTION TO APPROVE BOND AND STAY EXECUTION OF THE JUDGMENT - 5

apparently made no attempt to discuss his desire to obtain security for the judgment with RBC's counsel before seeking the writ, a shortcoming even more surprising because the parties are currently participating in the Ninth Circuit's mediation program. Dkt. No. 177 at 2.[5] And Mooney's counsel continued to seek the writ even after RBC's counsel informed him that RBC was in the process of obtaining an appeal bond. Dkt. No. 177-2 at 2. Had Mooney's counsel exercised a modicum of cooperation, this expenditure of resources by the Court, the parties, and Wells Fargo likely could have been avoided. Counsel is cautioned that further instances of multiplying the proceedings may result in sanctions. *See* LCR 11(c).

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS RBC's motion to approve its supersedeas bond and STAYS execution of the judgment pending the outcome of the Ninth Circuit appeals.

The Court will issue a separate order in the garnishment matter discharging the writ of garnishment and directing Wells Fargo to return the garnished funds.

Dated this 16th day of February, 2024.

Lauren King
United States District Judge

---

[5] The lack of professional courtesy continued when Mooney's counsel did not notify RBC's counsel that he had obtained a writ, leaving counsel to discover that fact only when they were notified by their client that funds had been withdrawn. *Id.*